975 So.2d 1188 (2008)
Kelvin FRANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-5072.
District Court of Appeal of Florida, First District.
March 6, 2008.
*1189 Nancy A. Daniels, Public Defender, Tallahassee, and Donna A. Gerace and M. Lilja Dandelake of M. Lilja Dandelake, P.A., Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
BENTON, J.
Kelvin Franklin appeals his conviction for battery on a law enforcement officer in violation of sections 784.03 and 784.07, Florida Statutes (2004), and consequent five-year prison sentence. An inmate at Hamilton Correctional Institution at the time of the events that gave rise to the charge, he was convicted of striking a corrections officer from behind with his fist. He contends the trial court erred by not requiring the State to disclose the names of other persons present when the corrections officer sustained the blow. We agree and reverse.
That Mr. Franklin was in the vicinity  and part of a mass disturbance taking place in the prison yard at the time  is not in dispute. Taking the stand in his own defense, however, he testified that he did not hit the corrections officer. Instead, he testified, another inmate, with whom he had struggled, landed a punch on the back of the corrections officer's head. When the inmate Mr. Franklin identified as the perpetrator testified as a witness for the defense, he corroborated Mr. Franklin's version of events. Only the corrections officer testified that Mr. Franklin was his assailant.
Well before trial, defense counsel had filed a motion to compel production of certain documents in the custody of the Department of Corrections which contained the names of other inmates in the prison yard at the time of the incident, some of whom were transferred to other prisons the night of the melee, because of their involvement in the mass disturbance that afternoon. See Reese v. State, 694 So.2d 678, 682 n. 2 (Fla.1997) (quoting Sinclair v. State, 657 So.2d 1138, 1141 (Fla.1995)) (requiring the State to disclose documents within its possession, actual or constructive). "[T]he State is charged with constructive knowledge of information possessed by other departments of the executive branch." Giles v. State, 916 So.2d 55, 58 (Fla. 2d DCA 2005). Defense counsel requested the names of all inmates present in the yard the afternoon the corrections officer was hit, or at least the names of all of the inmate transferees, so that he could interview them in an attempt to find eyewitnesses to the battery who would buttress the defense.
Filed after Mr. Franklin's initial demand for discovery had triggered reciprocal discovery obligations, the defense motion to compel should have been treated as a request for additional discovery pursuant to Florida Rule of Criminal Procedure 3.220(f) (2004) (authorizing the trial court to "require such other discovery to the parties as justice may require" upon "a showing of materiality"), and should have been granted. Instead, the trial judge ruled that the documents the motion requested were immaterial, improperly placing the burden on the defense to show how it would use at trial information it did not have and was never supplied.
Not knowing the names of the inmates on the list prejudiced the defense's ability to prepare. See State v. Schopp, 653 So.2d 1016, 1020-21 (Fla. 1995); Richardson v. State, 246 So.2d 771, 774-75 (Fla.1971). The other inmates' presence in the prison yard at the time of the events giving rise to the charge against Mr. Franklin made their names material *1190 within the meaning of Florida Rule of Criminal Procedure 3.220(f). In the discovery context, material means reasonably calculated to lead to admissible evidence. Additional eyewitness testimony might have led to a different result at trial. In any event, where "the record is insufficient to determine that the defense was not materially affected," the rule is that "the error must be considered harmful." Schopp, 653 So.2d at 1020-21.
Reversed and remanded.
WEBSTER and POLSTON, JJ., concur.