PER CURIAM.
This case is before the Court on appeal from an order denying a second successive motion to vacate a judgment of conviction of three counts of first-degree murder and sentences of death under Florida Rule of Criminal Procedure 3.851. The order concerns postconviction relief from sentences of death, and this Court has jurisdiction of the appeal under article V, section 3(b)(1), Florida Constitution. We affirm.
Procedural Posture
Jason Dirk Walton was convicted on three counts of first-degree murder and sentenced to death on each count. See Walton v. State, 481 So.2d 1197, 1197-98 (Fla.1985). On direct appeal, this Court affirmed the convictions but vacated the death sentences because the trial court failed to afford Walton an opportunity to confront two codefendants whose confessions and statements were presented during the penalty phase. See id. at 1198— 1201. The trial court conducted a second penalty phase and the jury again recommended death on all three convictions. See Walton v. State, 547 So.2d 622, 623 (Fla.1989). The trial court again imposed the death penalty on all three convictions, and this Court affirmed those sentences on appeal. See id. at 626. The United States Supreme Court denied certiorari review. See Walton v. Florida, 493 U.S. 1036, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990).
Walton filed his initial postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850, in which he alleged *641 that trial counsel was ineffective. See Walton v. Dugger, 634 So.2d 1059, 1060-61 (Fla.1993). After an evidentiary hearing, the trial court denied the motion. See id. Walton appealed that denial to this Court and petitioned for a writ of habeas corpus. See id. This Court initially relinquished jurisdiction to the trial court for resolution of a public records request by Walton. See id. at 1062. On remand, Walton amended his previously filed rule 3.850 motion to add claims based upon information discovered in the public records and newly adduced evidence. See Walton v. State, 847 So.2d 438, 442-43 (Fla.2003). One such claim was that trial counsel was ineffective for failure to adequately investigate and prepare for trial. See id. at 442 n. 2. The trial court again denied all of Walton’s claims. See id. at 443. Walton appealed that denial to this Court and again petitioned this Court for a writ of habeas corpus. See id. This Court affirmed the denial of Walton’s postconviction motion and denied habeas relief. See id. at 460. We also denied a subsequent petition for a writ of habeas corpus filed by Walton pursuant to Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002). See Walton v. Crosby, 859 So.2d 516 (Fla.2003).
Walton thereafter filed a successive postconviction motion pursuant to Florida Rule of Criminal Procedure 3.851. See Walton v. State, 3 So.3d 1000, 1002 (Fla.2009). The trial court summarily denied relief. See id. at 1002. Walton appealed that denial to this Court, and'this Court affirmed the order of the postconviction court. See id.
Proceeding Below
In the current proceeding, Walton filed a second successive motion for postconviction relief pursuant to rule 3.851. He now claims that he was deprived of effective trial counsel during the penalty phase because that phase was conducted before a jury that returned a death recommendation in violation of Porter v. McCollum, — U.S. -, 130 S.Ct. 447, 175 L.Ed.2d 398 (2009). Walton asserts that the Porter decision established that the previous denial of his ineffective assistance of counsel claims was premised on this Court’s misreading and misapplication of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In relying on Witt v. State, 387 So.2d 922 (Fla.1980), Walton argues that Porter represents a fundamental repudiation of this Court’s Strickland jurisprudence, that it represents a fundamental change in law, and that, as a result, Porter’s holding with regard to ineffective assistance of counsel is retroactively cognizable in a successive postconviction motion. More specifically, Walton contends that Porter has created new law that permits him to revisit and relitigate his previous postconviction claim that trial counsel was ineffective due to a failure to uncover and submit mitigating evidence that related to Walton’s dysfunctional family experience, his childhood drug abuse and drug therapy, the failure to call a mental health expert to testify, a failure to contact and interview Walton’s family members, and a failure to present his school, medical, or military records.
The postconviction court did not conduct an evidentiary hearing and summarily found Walton’s motion to be untimely, successive, and procedurally barred. The court found that rule 3.851 requires a post-conviction motion to be filed within one year after a judgment and sentence of death becomes final, that Walton’s motion exceeded that time limit, and that his claim did not fall within one of the few, specific exceptions to the time limitation. The court also concluded that Porter does not create a new constitutional right to be applied retroactively, but rather, provides *642 a mere application of Strickland and does not represent a fundamental change to the Strickland analysis. The postconviction court thereafter denied Walton’s motion based on the failure to file a timely, cognizable claim. This appeal followed.
Rule 3.851 and the Applicable Standard of Review
Florida Rule of Criminal Procedure 3.851 controls the filing of postconviction motions in capital cases. See Ventura v. State, 2 So.3d 194 (Fla.2009). Rule 3.851(d)(1) prohibits the filing of a postcon-viction motion more than one year after a judgment and sentence of death become final. Rule 3.851(d)(2) provides that no postconviction motion filed beyond that time limitation shall be considered unless it alleges that:
(A) the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence, or
(B) the fundamental constitutional right asserted was not established within the period provided for in subdivision (d)(1) and has been held to apply retroactively, or
(C) postconviction counsel, through neglect, failed to file the motion.
Fla. R.Crim. P. 3.851(d)(2) (emphasis added).
Rule 3.851(f)(5)(B) permits the denial of a successive motion without an evidentiary hearing “[i]f the motion, files, and records in the case conclusively show that the movant is entitled to no relief,” Fla. R.Crim. P. 3.851(f)(5)(B), or if the motion or a particular claim by the defendant is legally insufficient, see Johnson v. State, 904 So.2d 400, 403 (Fla.2005). A postconviction motion is defined by rule 3.851(e)(2) as successive “if a state court has previously ruled on a postconviction motion challenging the same judgment and sentence.” A postconviction court’s decision to deny an evidentiary hearing for a successive rule 3.851 motion must be based on the written materials before the court. See id. For all practical purposes, such a ruling is tantamount to a pure question of law, which this Court reviews de novo. See id. When this Court reviews a trial court’s summary denial of postconviction relief, it must accept the allegations of the defendant as true to the extent that they are not refuted by the record. See Ventura, 2 So.3d at 198.
Decision in Witt and Principles of Retroactivity
In Witt, this Court confronted the seminal question of when and what changes in the law apply retroactively to a final judgment and sentence. See Witt, 387 So.2d at 924. The defendant in that case, by way of a postconviction motion, asserted six issues that had been or could have been presented on direct appeal. See id. The defendant predicated his appeal on alleged changes in the law that occurred subsequent to his direct appeal. See id.
In examining the potential retroactive application of changes in the law, this Court examined the implications that such application would have on the doctrine of finality. See id. at 925. The essential purpose of the doctrine of finality is to bring final resolution to disputes, create certainty in the criminal justice system, and utilize judicial resources fairly and efficiently. See id. The Court held that this doctrine should be abridged only when a more compelling objective appears, such as fairness and uniformity in individual adjudications, or a sweeping change in the law that so drastically alters substantive or procedural underpinnings of a final judgment and sentence that retroactive application of the law is necessary to avoid *643 an obvious injustice. See id. Thus, a determination with regard to the retroactive application of a change in law is evaluated by balancing the considerations of individual fairness and justice against the interests of decisional finality. See id. at 926.
This Court in Witt held that only major constitutional changes will be cognizable in connection with a claim seeking retroactive application of the law. See id. at 929. We rejected the use of successive postconviction relief in the absence of a fundamental and constitutional law change because to permit such relief would render dubious the veracity or integrity of the original trial proceedings. See id. It would also permit a dual system of trial and appeal, the first of which would be tentative and nonconclusive. See id. Instead, this Court held that constitutional changes that are equivalent to a jurisprudential upheaval in criminal law warrant retroactive application — not evolutionary refinements in criminal law. See id.
This Court then delineated the “essential considerations” of a court in its determination of whether retroactive application of a change in constitutional law is necessary, which are (1) the purpose of the new rule, (2) the extent of previous reliance on the old rule, and (3) the purported effect that the retroactive application of the new rule would have on the administration of justice. See id. at 926. If a new constitutional rule is of sufficient magnitude given these considerations, this Court held that it may be applied retroactively. See id. at 929. A change in constitutional law that might also warrant retroactive application is a change that places beyond the authority of the state the power to regulate certain behavior or to impose certain penalties. See id.
Finally, this Court outlined the three overarching parameters to be considered when determining the retroactivity of a change in law as follows:
To summarize, we today hold that an alleged change of law will not be considered in a capital case under Rule 3.850 unless the change: (a) emanates from this Court or the United States Supreme Court, (b) is constitutional in nature, and (c) constitutes a development of fundamental significance.
Id. at 931 (emphasis added).[1]
Decision in Porter
In Porter, the defendant was convicted on two counts of first-degree murder and sentenced to death on one of those counts. See Porter, 130 S.Ct. at 448. After the defendant’s direct appeal, in which this Court upheld the defendant’s judgment and sentence of death, the defendant filed a motion for postconviction relief in a Florida circuit court in which he alleged ineffective assistance of trial counsel under Strickland. See id. The defendant claimed that trial counsel was ineffective in connection with his failure to investigate and present mitigating evidence during the penalty phase that would have described Porter’s abusive childhood, his heroic military service and the trauma he suffered while serving, his long-term substance abuse, and his impaired mental health and capacity. See id. at 449. The circuit court denied relief and this Court affirmed that *644 denial, holding that the defendant failed to meet the prejudice requirement of Strickland. See id. at 448.
After this Court’s decision, the defendant filed a petition for writ of habeas corpus in federal district court in which he alleged that trial counsel’s failure to adduce the evidence in mitigation during the penalty phase violated his right to counsel under the Sixth Amendment of the United States Constitution. See id. The federal district court agreed with the defendant and granted his petition. See id. The Court of Appeals for the Eleventh Circuit reversed the district court’s grant of the defendant’s petition and held that this Court’s conclusion that trial counsel’s deficient performance did not prejudice the defendant was a reasonable application by this Court of the law announced in Strickland. See id. However, the United States Supreme Court, on certiorari review, held that this Court’s decision and analysis were incorrect because trial counsel’s failure to investigate and present the evidence in question during the penalty phase satisfied the prejudice prong under Strickland. See id. (“Like the District Court, we are persuaded that it was objectively unreasonable to conclude there was no reasonable probability the sentence would have been different if the sentencing judge and jury had heard the significant mitigation evidence that Porter’s counsel neither uncovered nor presented.”).
Analysis
The trial level postconviction court here properly denied Walton’s second successive postconviction motion because the decision in Porter does not constitute a fundamental change in the law that mandates retroactive application under Witt. Walton filed his motion well after the one-year deadline for postconviction motions under rule 3.851. Walton’s claim that Porter applies retroactively is incorrect and insufficient as a matter of law for a successive motion because the decision in Porter does not concern a major change in constitutional law of fundamental significance. Rather, Porter involved a mere application and evolutionary refinement and development of the Strickland analysis, i.e., it addressed a misapplication of Strickland. Porter, therefore, does not satisfy the retroactivity requirements of Witt. See generally Witt, 387 So.2d at 924-31.
Further, in the proceedings below, collateral counsel essentially asked the post-conviction trial court to reevaluate Walton’s claims of ineffective assistance of counsel that had been litigated in his prior postconviction motion in light of the decision in Porter. This is not a permitted retroactive application as articulated in Witt, which allows a limited retroactive application only to changes in the law that are of fundamental constitutional significance.
Therefore, we affirm the postconviction court’s denial of Walton’s second successive postconviction motion.
It is so ordered.
CANADY, C.J., and LEWIS, POLSTON, LABARGA, and PERRY, JJ„ concur.
PARIENTE, J., specially concurs with an opinion.
QUINCE, J., recused.

. The defendant in Witt filed a postconviction motion pursuant to Florida Rule of Criminal Procedure 3.850. Walton, on the other hand, filed his successive postconviction motion pursuant to rule 3.851. This Court decided Witt before the adoption of rule 3.851, which, after October 1, 2001, was to be used for postconviction or collateral motions filed by capital defendants. See Fla. R.Crim. P. 3.851(1). Thus, rule 3.851 merely supplanted 3.850, and the principles of Witt apply equally to motions filed under either rule.