BENTON, C.J.
This is an appeal from the denial, as untimely, of a motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant, the movant below, argues that Lafler v. Cooper, — U.S.-, 132 S.Ct. 1376, 1391, 182 L.Ed.2d 398 (U.S.2012) (holding that Lafler suffered prejudice when, after following counsel’s advice to reject a plea offer and proceed to trial, he received a harsher sentence than he had been offered in exchange for a plea), and Missouri v. Frye, — U.S.-, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (U.S.2012) (holding that counsel has a duty to communicate to the defendant all formal plea offers from the prosecution), establish new, fundamental constitutional rights of the kind contemplated by Rule 3.850(b)(2) and apply retroactively to his case.
With (other) exceptions not pertinent here, Florida Rule of Criminal Procedure 3.850 provides that motions to vacate or set aside criminal convictions shall not be filed
more than 2 years after the judgment and sentence become final unless it alleges that....
(2) the fundamental constitutional right asserted was not established within the [two-year] period provided for herein and has been held to apply retroactively, and the claim is made within 2 years of the date of the mandate of the decision announcing the retroactivity....
Fla. R.Crim. P. 3.850(b). Seeking to vacate the conviction affirmed in Simmons v. State, 558 So.2d 180 (Fla. 1st DCA 1990), the motion in the present case was filed on April 23, 2009.
Both Lafler and Frye apply Strickland v. Washington, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which sets out the requirements for proving a claim of ineffective assistance of counsel. Both La-fler and Frye recognize that a defendant is entitled to effective assistance of counsel, not only at trial, but also in determining whether to plead or to go to trial. But prior cases were already clear on this point. See Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Florida recognized the right to effective assistance of counsel before trial in cases such as Cottle v. State, 733 So.2d 963 (Fla.1999), and Morgan v. State, 991 So.2d 835, 840 (Fla.2008) (reiterating that the Cottle decision was grounded on Strickland). Neither Lafler nor Frye amounts to any sort of “jurisprudential upheaval” in Florida.
We agree with the learned trial judge that Lafler and Frye are but a refinement of decisions already handed down, a clearer articulation of existing law that does not establish new constitutional rights: Both Lafler and Frye are properly viewed as “evolutionary refinements” to well-established rules governing ineffective assistance of counsel claims in the context of *1187 convictions predicated on pleas. See Walton v. State, 77 So.3d 639, 643 (Fla.2011); State v. Barnum, 921 So.2d 513, 526 (Fla.2005); accord In re Perez, 682 F.3d 930, 932 (11th Cir.2012) (holding that Lafler and Frye merely refine Strickland and thus do not announce new rules). Accordingly, we affirm the trial court’s order denying the appellant’s motion as untimely filed. See Fla. R.Crim. P. 3.850(b).
Affirmed.
ROBERTS and RAY, JJ., concur.