PARIENTE, J.,
dissenting.
I dissent from the affirmance of the order denying postconviction relief based on the majority’s conclusion that there was a lack of prejudice for two reasons. First, the majority erroneously focuses on a reasonable probability of a different result when it concludes that “we do not find it reasonably probable that the result would have been different even if Dr. Ofshe’s testimony had been entirely excluded.” Majority op. at 1066. Instead of examining whether confidence in the jury’s finding of guilt was undermined where the State presented an expert witness who, unimpeached, bolstered the main witness, the majority improperly focuses on other evidence of Williamson’s guilt. Second, the majority’s analysis of prejudice fails to recognize the important effect that an expert witness can have on a jury’s determination, as was more fully *1069 explained in Justice Wells’s opinion in 2008. See Williamson v. State (Williamson II), 994 So.2d 1000, 1017-18 (Fla.2008)(Wells, J., specially concurring).
As to the first point regarding the majority’s prejudice analysis that appears to be outcome determinative, such a result runs contrary to our precedent that expressly recognizes that under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), “the prejudice component [i]s not an outcome-determinative test and there [i]s no requirement to show that counsel’s deficiency actually altered the outcome of the case.” Thompson v. State, 990 So.2d 482, 488 (Fla.2008). Rather, “it is extremely important to emphasize that the prejudice prong of Strickland is an inquiry of whether there is ‘a probability sufficient to undermine confidence in the outcome.’ ” Walton v. State, 77 So.3d 639, 645 (Fla.2011)(Pariente, J., specially concurring) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). In fact, the United States Supreme Court more recently reiterated that the defendant does not need to “show ‘that counsel’s deficient conduct more likely than not altered the outcome’ of his ... proceeding, but rather that he establish ‘a probability sufficient to undermine confidence in [that] outcome.’ ” Porter v. McCollum, 558 U.S. 30, 130 S.Ct. 447, 455-56, 175 L.Ed.2d 398 (2009) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052).
In contrast to ineffective assistance of counsel claims, the prejudice prong of a newly discovered evidence claim has a higher, outcome-determinative threshold because such a claim “presupposes that all the essential elements of a presumptively accurate and fair proceeding were present in the proceeding whose result is challenged.” Robinson v. State, 770 So.2d 1167, 1171 (Fla.2000) (Anstead, J., specially concurring) (quoting Strickland, 466 U.S. at 693-94, 104 S.Ct. 2052). Both the United States Supreme Court and this Court have recognized that because an ineffective assistance claim is asserting the absence of one of the critical constitutional guarantees that assures that the result of the proceeding is reliable, “finality concerns are somewhat weaker and the appropriate standard of prejudice should be somewhat lower” for ineffective assistance of counsel claims. Robinson v. State, 913 So.2d 514, 522 n. 7 (Fla.2005) (quoting Strickland, 466 U.S. at 694, 104 S.Ct. 2052). Accordingly, “[t]he result of a proceeding can be rendered unreliable, and hence the proceeding itself unfair, even if the errors of counsel cannot be shown by a preponderance of the evidence to have determined the outcome.” Id.; see also Lockhart v. Fretwell, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993) (holding that an ineffective assistance of counsel analysis “focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective”).
As to the second issue regarding the majority’s analysis of the evidence, I would conclude, as did Justice Wells in 2008, that the erroneous admission of Dr. Ofshe’s expert testimony to bolster the main witness’s testimony as to why he had delayed in identifying the defendant resulted in prejudice such that our confidence in the outcome of the guilt phase is undermined:
I concur with the majority opinion in all parts except that I would reverse and remand for a new trial rather than an evidentiary hearing. The decision as to guilt in this case was essentially a decision as to the credibility of Mr. Panoyan. I conclude that the admission of the testimony of Dr. Ofshe was error and that the error was prejudicial because Dr. Ofshe’s testimony improperly bolstered the credibility of Mr. Panoyan.
*1070 I concur that counsel was ineffective for not requesting a Frye hearing before Dr. Ofshe was allowed to express his opinion to the jury. However, my analysis goes one step further. I would hold that Dr. Ofshe’s opinion testimony was sufficiently similar to the profile and syndrome testimony we found to be inadmissible in Flanagan v. State, 625 So.2d 827 (Fla.1993), and Hadden v. State, 690 So.2d 573 (Fla.1997), that the opinion testimony should have been held inadmissible under Frye. I specifically point to Dr. Ofshe’s stated methodology of reaching his conclusions by comparing Mr. Panoyan’s history and the “pattern he displays with the pattern of someone who has been terrorized.” In Hadden, we held that the appropriate standard of review of the Frye issue is de novo. I would here make the decision that Dr. Ofshe’s testimony was not generally accepted in the relevant field.
I believe that the relevant field would be psychology. Dr. Ofshe’s opinion was found to lack acceptance in the relevant scientific community in United States v. Fishman, 743 F.Supp. 713 (N.D.Cal.1990). In Fishman, the Court stated that neither the American Psychological Association nor the American Sociological Association had endorsed the views of Dr. Ofshe on coercive persuasion. Id. at 717. An Illinois court affirmed the exclusion of Dr. Ofshe’s testimony on the basis of Frye in People v. Rivera, 333 Ill.App.3d 1092, 267 Ill.Dec. 557, 777 N.E.2d 360 (2001). I agree with these decisions.
Additionally, though not specifically argued as a basis for reversal of the trial court’s denial of postconviction relief, I also find defense counsel was ineffective in not objecting to Dr. Ofshe’s testimony on the basis that the opinions of Dr, Ofshe were not of such a nature as to require any special knowledge or experience for the jury to form conclusions as to the subject about which Dr. Ofshe opined. In Johnson v. State, 393 So.2d 1069, 1072 (Fla.1980), we noted that expert testimony should be excluded where the facts testified to are of such a nature as to not require any special knowledge or experience in order for the jury to form conclusions from the facts.
The essence of Dr. Ofshe’s opinion was that based on Mr. Panoyan’s testimony regarding what he witnessed during the Decker crimes and knowledge about Williamson’s prior violent criminal act, Mr. Panoyan’s earlier contrary statements to the police were made out of fear that Williamson would harm his family. I conclude that the jury was capable of evaluating the credibility of Mr. Panoyan on the basis of its own knowledge and experience. If the jury believed Mr. Panoyan, the jury did not need expert opinion as to whether Mr. Panoyan would fear for his family. Dr. Ofshe only served the purpose of being a witness with academic credentials who bolstered the credibility of Mr. Panoyan with an opinion which was within the common experience of average jurors.
Furthermore, I conclude that under the circumstances of this case, Dr. Ofshe’s testimony was prejudicial. The State relied upon Dr. Ofshe’s testimony in its closing argument. The value of hearing an expert vouch for Mr. Panoy-an clearly could have tipped the scales in this tragic case. Dr. Ofshe’s testimony undermines my confidence in the verdict.
Williamson II, 994 So.2d at 1017-18 (Wells, J., specially concurring).
Rather than focusing on the effect on the jury of having an expert vouch for the main witness’s credibility and accordingly whether that error undermines confidence *1071 in the outcome, the majority relies on what evidence would have remained, such as the testimony of three jailhouse informants, which is notoriously unreliable. By focusing on whether the exclusion of Dr. Ofshe would have made a difference, the majority slips into the error of conflating the standard for a new trial with respect to newly discovered evidence claims (i.e., would have made a difference) with the more defense-friendly standard applicable to claims of ineffective assistance of counsel where we should focus in this case. As explained above, this relatively high standard of proof and prejudice for newly discovered evidence claims has been explicitly rejected by both this Court and the United States Supreme Court as a standard for demonstrating prejudice in claims based upon the ineffective assistance of counsel.
In explaining the prejudice prong of the test, the United States Supreme Court in Strickland stated:
Accordingly, the appropriate test for prejudice finds its roots in the test for materiality of exculpatory information not disclosed to the defense by the prosecution, United States v. Agurs, 427 U.S. 97, 104 [96 S.Ct. 2392, 49 L.Ed.2d 342 (1976) ], and in the test for materiality of testimony made unavailable to the defense by Government deportation of a witness, United States v. Valenzuela-Bernal, supra, 458 U.S. [858, 872-74, 102 S.Ct. 3440, 73 L.Ed.2d 1193 (1982) ]. The defendant must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
Strickland, 466 U.S. at 694, 104 S.Ct. 2052 (emphasis added).
In conclusion, defense counsel was either asleep at the switch or making an unreasonable decision when he did not challenge the testimony of Dr. Ofshe based on Frye. If he had made the proper challenge, either Dr. Ofshe’s testimony would have been excluded at trial or there would have been a reversal on appeal since any error in admitting Dr. Ofshe’s testimony clearly would not have been harmless beyond a reasonable doubt. Allowing the main witness’s credibility to be bolstered by impermissible expert testimony certainly could have had an effect on the jury’s ultimate decision to find the defendant guilty and clearly results in a proceeding where confidence in the outcome is undermined. In this case, the defense lawyer’s decision was a matter of life or death. This case should be reversed for a new trial without the taint of the impermissible testimony of Dr. Ofshe.
For all these reasons, I dissent.