WALLACE, Judge.
We affirm the postconviction court’s summary denial of John Frederick Perie’s motion filed under Florida Rule of Criminal Procedure 3.850 as untimely filed. We agree with the First District that Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), do not establish a new fundamental constitutional right as contemplated by rule 3.850(b)(2) and thus do not provide an exception to the two-year time limit for filing a timely postconviction motion. See Simmons v. State, 104 So.3d 1185, 1186-87 (Fla. 1st DCA 2012). As the First District explained in Simmons, the two decisions issued by the Supreme Court of the United States
are but a refinement of decisions already handed down, a clearer articulation of existing law that does not establish new constitutional rights: Both Lafler and Frye are properly viewed as “evolutionary refinements” to well-established rules governing ineffective assistance of counsel claims in the context of convictions predicated on pleas.
Id. (citing Walton v. State, 77 So.3d 639, 643 (Fla.2011), and State v. Barnum, 921 So.2d 513, 526 (Fla.2005)).
Affirmed.
CASANUEVA and BLACK, JJ., Concur.