634 So.2d 1059 (1993)
Jason Dirk WALTON, Petitioner,
v.
Richard L. DUGGER, etc., Respondent.
Jason Dirk WALTON, Appellant,
v.
STATE of Florida, Appellee.
Nos. 76695, 78070.
Supreme Court of Florida.
May 27, 1993.
Rehearing Denied August 12, 1993.
*1060 Larry Helm Spalding, Capital Collateral Representative, Martin J. McClain, Chief Asst. Capital Collateral Representative and Mark A. Evans, Kenneth D. Driggs and M. Elizabeth Wells, Asst. Capital Collateral Representatives, Office of the Capital Collateral Representative, Tallahassee, for petitioner/appellant.
Robert A. Butterworth, Atty. Gen., and Robert J. Krauss, Asst. Atty. Gen., Tampa, for respondent/appellee.
PER CURIAM.
Jason Dirk Walton, a prisoner under a sentence of death, seeks post-conviction relief. He appeals the trial court's denial of his Florida Rule of Criminal Procedure 3.850 motion for post-conviction relief and petitions this Court for a writ of habeas corpus. We have jurisdiction. Art. V, § 3(b)(1), (9), Fla. Const. For the reasons expressed, we relinquish jurisdiction to the trial court to reexamine Walton's public records request consistent with the directives set forth in this opinion and, pending resolution of that examination, we reserve ruling on the remaining issues raised by Walton before this Court.
Walton was convicted and sentenced to death for the execution-style murders of three individuals that occurred during a robbery and burglary. Four individuals were implicated in the murders and were tried separately. At Walton's trial, the evidence reflected that, although Walton was not the shooter, he was involved in the premeditated plan to kill the victims. The facts surrounding the murders are set forth in more detail in Walton v. State, 481 So.2d 1197 (Fla. 1985) (Walton I), and Walton v. State, 547 So.2d 622 (Fla. 1989), cert. denied, 493 U.S. 1036, 110 S.Ct. 759, 107 L.Ed.2d 775 (1990) (Walton II).
In Walton I, we affirmed Walton's convictions but remanded the cause for a new sentencing hearing. We determined in that case that Walton had not been afforded an opportunity to confront two codefendants whose confessions were presented during the original penalty phase proceeding. On resentencing, Walton again received the death penalty, and we subsequently affirmed that sentence in Walton II.
*1061 After the Governor signed a death warrant on September 24, 1990, this Court issued a stay. Walton filed a petition for writ of habeas corpus with this Court and sought relief under rule 3.850 before the circuit court. After an evidentiary hearing was conducted by the circuit court on Walton's ineffective assistance of counsel claims, the judge entered an order denying relief and this appeal followed.
Walton raises a total of fourteen issues in his appeal and habeas petition.[1] Under the first issue, Walton contends that, after his conviction and sentence became final, he made a public records request under chapter 119, Florida Statutes (1989), to the Pinellas County Sheriff and State Attorney for all records relating to his case. Walton further contends that at least part of that request was refused based on several statutory exemptions. Consequently, he asserts that it is impossible for him to fully investigate and plead all claims or to know if other claims exist. In the order partially granting and partially denying Walton's request for a rule 3.850 post-conviction evidentiary hearing, the circuit judge summarily ruled that the inability to access the files and records was not an appropriate subject for post-conviction review.
The State argues that a request for access to public records is not a claim susceptible to 3.850 relief because the claim does not go to the constitutional validity of the judgment or sentence. According to the State, the proper relief for such a claim should be sought before the trial court through a motion to compel disclosure. Because no such motion was filed in this case, the State now argues that the public records issue is not properly before this Court. Alternatively, the State argues that even if such a claim is properly raised in a 3.850 motion, Walton is not entitled to all of the records he requested.
Before the trial court ruled on this issue, this Court had expressly held that capital post-conviction defendants are entitled to chapter 119 records disclosure and that denial of such a request may be properly considered in rule 3.850 post-conviction relief proceedings. State v. Kokal, 562 So.2d 324 (Fla. 1990); Provenzano v. Dugger, 561 So.2d 541 (Fla. 1990). As we stated in Provenzano,
where a defendant's prior request for the state attorney's file has been denied, we believe that it is appropriate for such a request to be made as part of a motion for postconviction relief. If nothing else, this will avoid the necessity of two separate actions. In the event a disclosure is ordered, the defendant will then have an opportunity to amend his [or her] motion to allege any Brady claims which might be exposed.
Id. at 547 (emphasis added). Because Walton's alleged inability to access certain files and records was properly raised in his rule 3.850 motion, we find that the trial judge erred in accepting the State's position that the issue was "not an appropriate subject for post-conviction relief consideration." State v. Walton, No. CRC83-00630CFANO (Fla. 6th Cir.Ct. Feb. 5, 1991) (order partially granting and partially denying evidentiary hearing).
When, as in the instant case, certain statutory exemptions are claimed by the party *1062 against whom the public records request has been filed or when doubt exists as to whether a particular document must be disclosed, the proper procedure is to furnish the document to the trial judge for an in camera inspection. See Kokal. At that time, the trial judge can properly determine if the document is, in fact, subject to a public records disclosure. Under the circumstances of this case, the trial judge should have granted an evidentiary hearing to consider whether the exemptions applied or whether the documents requested were public records subject to disclosure.
Obviously, as we noted in Kokal, the state attorney would not be required to disclose information from a current file relating to the post-conviction relief motion; nor would the State be compelled to produce records not subject to the public records law. In making this observation, however, we emphasize that the State must still disclose any exculpatory document within its possession or to which it has access, even if such document is not subject to the public records law. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
Because resolution of the public records issue could possibly affect other issues raised by Walton, we find that we should reserve ruling on those issues until the trial court makes a determination regarding the public records request.
Accordingly, for the reasons expressed, we relinquish jurisdiction to the trial court to reexamine Walton's public records request consistent with the directives set forth above and, pending resolution of that issue, we reserve ruling on the remaining issues raised by Walton before this Court. Should the trial court determine that Walton is entitled to disclosure of the records at issue, we direct that Walton be granted an additional thirty days from the rendition of that ruling in which to amend his rule 3.850 motion to permit additional claims or facts discovered as a result of the disclosure to be raised before the trial court.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] Walton contends that: (1) the trial court erred in refusing to consider, at the evidentiary hearing, Walton's alleged inability to access public records from the Pinellas County sheriff's office; (2) the jury received improper instructions regarding statutory aggravating circumstances; (3) the trial court erred in allowing a codefendant's mental health expert to testify at Walton's evidentiary hearing; (4) Walton was denied the effective assistance of counsel; (5) the trial court failed to independently weigh the aggravating and mitigating circumstances; (6) Walton's second sentencing proceeding was contaminated with the same evidence that was determined to have been inappropriately presented at his first sentencing proceeding; (7) Walton's sentence constitutes cruel and unusual punishment because the record is devoid of a finding of his individual culpability; (8) Walton's sentence is disproportionate, disparate, and invalid because a codefendant received a life sentence; (9) the jury was improperly and unconstitutionally instructed; (10) Walton's conviction should be reversed because new law now mandates a holding that his statements should have been suppressed; (11) Walton's absence from a portion of the proceedings prejudiced his resentencing; (12) Walton's death sentence rests upon the unconstitutional aggravating circumstance of lack of remorse; (13) the trial court unconstitutionally shifted the burden of proof in its instructions at sentencing; and (14) the application of rule 3.851 violated Walton's constitutional rights.