ORFINGER, J.
Jerry L. Demings, Orange County Sheriff, petitions for a writ of certiorari, seeking to quash a trial court order directing the State to produce certain documents in a pending criminal proceeding. We conclude that the order departs from the essential requirements of law, causing the Sheriff material injury without adequate remedy on direct appeal. We quash the order and remand.
Andrew Brendmoen, the defendant in Orange County Circuit Court case number 2011-CF-01443-A-0, sought to compel the State to produce the Sheriffs operation plan for Operation Spider’s Web (“the Plan”), an undercover operation intended to identify violations of section 847.0135, Florida Statutes (2011), the “Computer Pornography and Child Exploitation Prevention Act.” While Brendmoen and the State attended the hearing on his motion to compel, the Sheriff was not provided notice of the motion or hearing, and thus, did not have an opportunity to argue against it. The State advised the court that the Sheriff was not present, and had appeared in other cases to oppose disclosure of the Plan. Nevertheless, the hearing proceeded.
When the Sheriff learned that the trial court had ordered disclosure of the Plan, he moved for rehearing, asking the court to vacate its order. The court held a *624 “hearing” on the Sheriffs motion, allowing the Sheriff to briefly raise some points for appellate purposes. However, the court informed the parties that it had already made its decision and was not willing to entertain any argument, receive evidence, or alter its already prepared order. In that order, the trial court found that the Sheriff had standing to file the motion for rehearing, and acknowledged that sections 119.0721 (2)(c), (d), Florida Statutes (2013), exempt active criminal intelligence information, and information on surveillance techniques, procedures, or personnel from discovery. However, the order concluded that “[t]he Sheriff alleges, but failed to establish, that the Plan contains such information.” This conclusion is not surprising since the Sheriff was not afforded an opportunity to be heard.
The Sheriff is authorized to seek certiorari review of orders not listed in Florida Rule of Appellate Procedure 9.140(c), if he has no adequate remedy on direct appeal. To obtain certiorari relief, the order must amount to a violation of clearly established law, resulting in a miscarriage of justice. State v. Pettis, 520 So.2d 250, 253-54 (Fla.1988) (quoting Combs v. State, 436 So.2d 93, 96 (Fla.1983)); accord Richardson v. State, 706 So.2d 1349, 1357 (Fla.1998); see State v. Bradford, 658 So.2d 572, 573 (Fla. 5th DCA 1995); State v. Williams, 227 So.2d 253 (Fla. 2d DCA 1969); see also State v. Gillespie, 227 So.2d 550 (Fla. 2d DCA 1969) (holding district court may grant state certiorari review of non-appealable discovery orders).
In his petition, the Sheriff argues that the Plan contains sensitive law enforcement information and is exempt from disclosure. See § 119.071(2)(c), (d), Fla. Stat. (2013); Fla. R. Crim. P. 3.220(b)(2), (m). The Sheriff asserts that the sensitive information was used for numerous criminal cases, including a subsequent law enforcement operation, and that the surveillance techniques and procedures will likely be used in future law enforcement operations. The Sheriff generally describes the Plan as containing information regarding:
• whether personnel will wear ballistic equipment and how they will be dressed;
• the types of weapons that will be worn or located on scene;
• the location of the personnel participating in the take down or arrest team and where those personnel will attempt to complete the arrest;
• how/where the arrest will occur if it does not occur at the undercover house;
• whether surveillance cameras will be used at the undercover house;
• the staging location for all personnel who are involved in the operation, the towing location, and the location for support personnel;
• whether marked or unmarked vehicles will be used at various points in the operation;
• the types of electronic evidence that may be searched;
• the type(s) of computer programs or tools that will be used to extract evidence from electronic devices;
• the types of personnel who will be assigned various search functions and who will apply for search warrants; and
• information that may jeopardize the safety of law enforcement personnel who effectuate arrests in similar ongoing and future operations.
Brendmoen argues that any exemption provided in section 119.071(2)(e) is irrelevant, as he is entitled to the requested information under Florida Rule of Criminal Procedure 3.220(f). That rule authorizes a court to “require such other *625 discovery to the parties as justice may require” upon “a showing of materiality.” Fla. R. Crim. P. 3.220(f). “In the discovery context, material means reasonably calculated to lead to admissible evidence.” Franklin v. State, 975 So.2d 1188, 1190 (Fla. 1st DCA 2008). Nevertheless, the rule also permits exemption of matters from discovery “[o]n a showing of good cause.” Fla. R. Crim. P. 3.220(0(1); Siegel v. State, 68 So.3d 281, 289 (Fla. 4th DCA 2011). The mere possibility that information may be helpful to the defense in its own investigation does not establish materiality. United States v. Agurs, 427 U.S. 97, 109, 109-10, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); Wright v. State, 857 So.2d 861, 870 (Fla.2003). The defendant has the burden to show materiality of matters not enumerated in rule 3.220(b) or constituting Brady[1] material. See Eagan v. DeManio, 294 So.2d 639, 640-41 (Fla.1974) (holding burden to demonstrate materiality is on defendant).
 Because the trial court did not review the Plan in camera (nor is a copy contained in the record) and did not give the Sheriff a meaningful opportunity to be heard, we can neither agree nor disagree with the Sheriffs assertions regarding production of the Plan.[2] However, we do agree that the Sheriff is entitled to a meaningful hearing. “[T]he opportunity to be heard must be full and fair, not merely colorable or illusive.” Ryan’s Furniture Exch. v. McNair, 120 Fla. 109, 162 So. 483, 487 (1935). “Fair notice and a reasonable opportunity to be heard shall be given [to] interested parties before a judgment or decree is rendered.” Id.
Here, the trial court failed to allow the Sheriff to challenge the discovery request or order, despite expressly recognizing the Sheriffs standing to do so. Once the trial court determined the Sheriff had standing to contest the production of the Plan, it was error to deny him a meaningful opportunity to be heard. “When, as in the instant case, certain statutory exemptions are claimed by the party against whom the public records request has been filed or when doubt exists as to whether a particular document must be disclosed, the proper procedure is to furnish the document to the trial judge for an in camera inspection.” Walton v. Dugger, 634 So.2d 1059, 1061-62 (Fla.1993). In camera review affords the trial judge an opportunity to “properly determine if the document is, in fact, subject to a public records disclosure.” Id. at 1062.[3]
For these reasons, we quash the order under review and remand this case for further proceedings before a new judge.
PETITION GRANTED; ORDER QUASHED, REMANDED.
PALMER and COHEN, JJ., concur.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. Both the State and the Sheriff asked the court to review the Plan in camera to ascertain whether it was exempt from production. The trial court declined to do so on both occasions.

.See 1972 Amendment Committee Notes to Fla. R. Crim. P. 3.220 ("Requiring law enforcement officers to include irrelevant or sensitive material in their disclosures to the defense would not serve justice. Many investigations overlap and information developed as a byproduct of one investigation may form the basis and starting point for a new and entirely separate one.”).