NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALBERTO GONZALEZ,                    )
                                     )
      Appellant,                     )
                                     )
v.                                   )        Case No. 2D17-2351
                                     )
STATE OF FLORIDA,                    )
                                     )
      Appellee.                      )
_____)

Opinion filed February 23, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Tom Barber,
Judge.

Alberto Gonzalez, pro se.


BLACK, Judge.

      Alberto Gonzalez seeks review of the summary denial of his petition for

writ of mandamus filed with the circuit court.  Because the circuit court failed to conduct

the necessary in camera review of the discovery evidence requested by Gonzalez, we

reverse and remand for further proceedings.[1]

_____

      [1]In its response to this court's briefing order, the State properly conceded
error.

Gonzalez was convicted of robbery, kidnapping, extortion, and grand theft in 2009. In 2016, Gonzalez requested copies of twenty-one CDs the State had listed as evidence in its case against Gonzalez. The State Attorney's Office responded and explained that fifteen CDs would be made available but that the remaining six CDs were exempt from public disclosure pursuant to sections 119.071(3)(a)(2) and 281.301, Florida Statutes (2015). The response was not sworn. The State Attorney's Office thereafter denied the request as to the six CDs.

Gonzalez subsequently filed a motion with the circuit court, seeking to compel the State to produce all twenty-one CDs, including the six CDs which the State Attorney's Office had determined to be exempt from disclosure. Gonzalez attached to his motion a copy of the initial request to the State, as well as the responses from the State Attorney's Office. The circuit court treated the motion to compel as a petition for writ of mandamus. See Hogan v. State, 983 So. 2d 656, 658 (Fla. 2d DCA 2008) ("[A] mandamus petition . . . is the appropriate vehicle for challenging the denial of access to judicial records." (citation omitted)). After reviewing the motion, the court summarily denied it, finding that Gonzalez had established neither a clear legal right to the requested evidence nor an indisputable legal duty of production because the six CDs at issue were subject to public records exemptions. The court did not issue an alternative writ to the State to show cause why the petition should not be granted, and it did not conduct an in camera review of the six CDs to confirm whether their contents are exempt from disclosure.

"To the extent that records in his possession are subject to disclosure by law, the State Attorney has a ministerial duty to make them available in response to a

- 2 -

proper request, and mandamus is an appropriate means of compelling compliance." Weeks v. Golden, 764 So. 2d 633, 634 (Fla. 1st DCA 2000) (citing Smith v. State, 696 So. 2d 814, 815 (Fla. 2d DCA 1997)); see also Potts v. State, 869 So. 2d 1223, 1225 (Fla. 2d DCA 2004) ("Mandamus is the appropriate remedy since it is used to compel an official to perform lawful duties. A court-appointed lawyer is an 'official.' " (quoting Pearce v. Sheffey, 647 So. 2d 333, 333 (Fla. 2d DCA 1994))).

> When, as in the instant case, certain statutory exemptions are claimed by the party against whom the public records request has been filed or when doubt exists as to whether a particular document must be disclosed, the proper procedure is to furnish the document to the trial judge for an *in camera* inspection.

Walton v. Dugger, 634 So. 2d 1059, 1061-62 (Fla. 1993); see also Hollis v. Massa, 211 So. 3d 266, 269 (Fla. 4th DCA 2017) ("Ordinarily, a trial court should not deny a petition for writ of mandamus without an evidentiary hearing merely because an official files an unsworn response claiming that he or she is not in possession of the requested material."). In camera review affords the trial judge an opportunity to "properly determine if the document is, in fact, subject to a public records disclosure." Walton, 634 So. 2d at 1062. That is, without conducting an in camera inspection of the requested CDs, the circuit court could not conclude that their contents are exempt from disclosure under section 119.071(3)(a)(2) or section 281.301; nor could it determine whether redaction was possible. See Holley v. Bradford Cty. Sheriff's Dep't, 171 So. 3d 805, 805 (Fla. 1st DCA 2015).

Accordingly, we reverse the denial of the petition for writ of mandamus and remand for the circuit court to conduct an in camera inspection of the six CDs to

determine whether the contents of the CDs are subject to exemption under the identified statutes and, if so, whether redaction would allow their production.

Reversed and remanded.

CASANUEVA and LUCAS, JJ., Concur.