DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EVERGLADES LAW CENTER, INC., MAGGY HURCHALLA,**
and **DONNA MELZER,**
Appellants,

v.

**SOUTH FLORIDA WATER MANAGEMENT DISTRICT,** a public
corporation of the State of Florida, **MARTIN COUNTY,** a political
subdivision of the State of Florida, **LAKE POINT PHASE I, LLC,** a
Florida limited liability company, and **LAKE POINT PHASE II, LLC,** a
Florida limited liability company,
Appellees.

Nos. 4D18-1220, 4D18-1519 & 4D18-2124

[September 18, 2019]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial
Circuit, Martin County; William L. Roby, Judge; L.T. Case Nos. 43-2017-
CA-001098 and 43-2018-CA-000108.

Marcy I. LaHart of Marcy I. LaHart, P.A., Micanopy, for appellant
Everglades Law Center, Inc.

Virginia P. Sherlock of Littman, Sherlock & Heims, P.A., Stuart, for
appellant Maggy Hurchalla.

Donna Sutter Melzer, Palm City, pro se.

Thomas E. Warner and Dean A. Morande of Carlton Fields Jorden Burt,
P.A., West Palm Beach, for Amicus Curiae First Amendment Foundation,
Inc.

Brian J. Accardo, James W. Sherman, Judith W. Levine and Laura E.
Scala-Olympio of South Florida Water Management District, West Palm
Beach, for appellee South Florida Water Management District.

Meagan L. Logan of Marks Gray, P.A., Jacksonville, and Kansas R.
Gooden of Boyd & Jenerette, P.A., Jacksonville, for Amicus Curiae Florida
Defense Lawyers Association.

Richard Grosso of Richard Grosso, P.A., Davie, for appellants Everglades Law Center, Inc., and Maggy Hurchalla.

Daniel S. Melzer, Palm City, for appellee Donna Melzer.

CONNER, J.

We address a matter of first impression involving shade meetings[1] and the public's interest in protecting government in the sunshine and mediation communications. Reading applicable provisions of the Florida Constitution and statutes in pari materia, we conclude that mediation communications disclosed by a governmental attorney during a shade meeting are to be redacted from the transcript of the shade meeting when it becomes a public record.

Everglades Law Center, Inc. ("ELC"), Maggy Hurchalla ("Hurchalla"), and Donna Sutter Melzer ("Melzer") (collectively, "Appellants"), appeal several orders entered by the trial court involving the trial court's determination that mediation communications are exempt from disclosure with reference to the transcript of a shade meeting conducted by the South Florida Water Management District ("the District"). Appellants also appeal the trial court's order denying their motions to dismiss for improper venue. We affirm without discussion the trial court's venue ruling. We also affirm the trial court's determination that mediation communications are subject to redaction from the shade meeting transcript and explain our analysis.[2] However, the trial court erred in denying Appellants' petition for mandamus to compel the disclosure of the full shade meeting transcript without conducting an in camera review of the transcript to determine if

---

[1] Meetings held between a governmental board and its attorney pursuant to section 286.011(8) to discuss settlement and litigation strategy, which are not open to the public, are commonly referred to as "shade meetings." *Anderson v. City of St. Pete Beach*, 161 So. 3d 548, 551 n.2 (Fla. 2d DCA 2014).

[2] Appellants also raise an issue about technical compliance with section 286.011(8), Florida Statutes (2017), in that they had not been provided with a redacted transcript of the closed meeting (showing compliance as to who was present during the closed meeting and the time period of the meeting). However, because Appellants stipulated that the trial court could rule without reviewing the meeting transcript and because the transcript is neither in the trial court record nor the appellate record, we do not reach the issue. *See Goodwin v. State*, 751 So. 2d 537, 544 (Fla. 1999) ("If the error is 'invited,' . . . the appellate court will not consider the error a basis for reversal."); *Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979) ("In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.").

2

redactions were appropriate. Thus, we affirm in part, reverse in part, and remand the case for further proceedings consistent with this opinion.

*Background*

Lake Point Phase I, LLC and Lake Point Phase II, LLC (collectively, "Lake Point"), the District, and Martin County entered into a partnership for an environmental project. After contract disputes arose, Lake Point brought suit against the District, Martin County, and Hurchalla, claiming damages ("the Lake Point Litigation"). During the course of that litigation, the trial court ordered the parties to attend mediation.

The District filed a certification of authority, naming its attorney, Brian Accardo, as its representative at mediation, certifying that he "ha[d] full authority to negotiate on behalf of the District and to recommend settlement to the District's Governing Board [("the Board")]." Several mediation sessions were conducted by the mediator with all of the parties. Eventually, Lake Point and the District developed a settlement agreement at mediation ("the MSA").

The District held duly noticed meetings that included closed and confidential attorney-client sessions in accordance with section 286.011(8), Florida Statutes (2017). At issue in this case is one specific meeting that occurred on August 23, 2017 ("the Shade Meeting"). An open meeting immediately preceded the Shade Meeting. When the Board convened the Shade Meeting, a certified court reporter recorded the entire closed-door session, as required by statute.

According to the minutes of the public portion of the meeting, only the Board members and two attorneys representing the District in the Lake Point Litigation were present during the Shade Meeting. At the conclusion of the Shade Meeting, the Board immediately returned to an open meeting, whereupon the chair solicited a motion to "accept or reject the terms of the settlement," referring to the discussion during the Shade Meeting. The Board approved the MSA at that open meeting.

Subsequently, Lake Point and the District entered a joint stipulation for dismissal of their respective claims against one another with prejudice. Eventually, Martin County and Lake Point entered into a separate mediated settlement agreement, resulting in Martin County being dismissed from the litigation. The litigation between Lake Point and Hurchalla continued to a jury trial.

Notably, ELC, a nonprofit law firm dedicated to representing the public

interest in environmental and land use matters, became interested in the Lake Point Litigation. ELC strives to enhance governmental transparency regarding governmental decisions impacting the environment.

After it was dismissed from the litigation, the District filed an action for declaratory relief, naming ELC, Martin County, Hurchalla, and Lake Point as defendants. The District alleged that shortly after it approved the MSA, Appellants made a public records request for the Shade Meeting transcript. The District requested the trial court enter a declaratory judgment that it was not required to produce and disclose the Shade Meeting transcript.

ELC filed its answer and also filed a counterclaim in the form of "a petition for writ of mandamus to enforce the provisions of Chapter 119, Florida Statutes." ELC requested that the trial court enter a writ requiring the District to produce the full Shade Meeting transcript. Melzer filed a similar counterclaim seeking disclosure of the full transcript.

At the hearing on ELC's petition for writ of mandamus, the District argued that the Shade Meeting transcript was exempt from disclosure pursuant to section 44.102(3), Florida Statutes (2017), which states: "All written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119." ELC argued that the statements made during the Shade Meeting and the transcript were not "written communications" and the statements were not made in a "mediation proceeding." At no time during the proceedings below did Appellants ask the trial court to conduct an in camera review of the Shade Meeting transcript. The transcript was not filed in the trial court and is not part of the appellate record.

The trial court entered an order denying ELC's petition for writ of mandamus and entering final judgment on ELC's counterclaim. In its written order, the trial court noted that "because the parties agreed that this Court was not required to take evidence, the Court relies on the representations of counsel," and found that "as a matter of law, mediation communications reflected in the transcripts are exempt from disclosure under Chapter 119."

Based on Appellants' stipulation that the trial court's ruling as to the petition for mandamus was determinative of the declaratory judgment actions, the trial court entered final judgment in favor of the District on all claims and counterclaims filed by Appellants. The Appellants gave notice of appeal.

In support of their contention that they are entitled to the full transcript of the Shade Meeting, Appellants rely on section 286.011(8), Florida Statutes (2017). Section 286.011(8) provides for a limited exception to the public meeting requirements of Florida's Sunshine Law. Appellants contend that section 286.011(8) does not contain an explicit exception for mediation communications. Appellants further contend that there is no provision of chapter 119, Florida's Public Records Act, which permanently exempts the disclosure of the Shade Meeting transcript. Additionally, Appellants argue that the trial court erroneously interpreted statutes pertaining to mediation to conclude that there is a public records exemption from disclosure of the Shade Meeting transcript. In Appellants' view, the trial court impermissibly expanded the temporary delay for the public to have access to the full Shade Meeting transcript, as contemplated by section 286.011(8), into a permanent delay.

The District contends that the statutory provisions protecting the confidentiality of mediation communications are not at odds with the provisions of section 286.011(8). The District relies primarily on section 44.102(3), Florida Statutes, in arguing that the trial court properly determined that mediation communications are not to be disclosed to the public in a Shade Meeting transcript. The trial court relied upon section 44.102(3), as well as section 44.405(1), Florida Statutes, in denying the relief sought by Appellants.

Also important to the analysis are the provisions of article I, section 24 of the Florida Constitution. We proceed with a discussion of the pertinent constitutional and statutory provisions.

*Florida's Sunshine Law and Section 286.011(8)*

"Originally codified by statute, the Sunshine Law . . . became part of the Florida Constitution." *Monroe Cty. v. Pigeon Key Historical Park, Inc.*, 647 So. 2d 857, 860 (Fla. 3d DCA 1994). In November 1992, the Florida Constitution was amended to add article I, section 24. The constitutional amendment "elevated the public's right to government in the sunshine to constitutional proportions." *Zorc v. City of Vero Beach*, 722 So. 2d 891, 896 (Fla. 4th DCA 1998). Article I, section 24(b), states:

> All meetings of any collegial public body of the executive
> branch of state government or of any collegial public body of
> a county, municipality, school district, or special district, at
> which official acts are to be taken or at which public business

5

of such body is to be transacted or discussed, shall be open and noticed to the public and meetings of the legislature shall be open and noticed as provided in Article III, Section 4(e), except with respect to meetings exempted pursuant to this section or specifically closed by this Constitution.

Art. I, § 24(b), Fla. Const.

Especially important to our analysis, article I, section 24(d) states that "[a]ll laws that are in effect on July 1, 1993 that limit public access to records or meetings shall remain in force, and such laws apply to records of the legislative and judicial branches, until they are repealed."  Art. I, § 24(d), Fla. Const.

Section 286.011, commonly referred to as the "Sunshine Law," is the primary statute that implements article I, section 24(b).  Thus, section 286.011(1), requires:

All meetings of any board or commission of any state agency or authority or of any agency or authority of any county, municipal corporation, or political subdivision, except as otherwise provided in the Constitution, . . . at which official acts are to be taken are declared to be public meetings open to the public at all times, and no resolution, rule, or formal action shall be considered binding except as taken or made at such meeting.

§ 286.011(1), Fla. Stat. (2017).

"Because section 286.011 'was enacted in the public interest to protect the public from "closed door" politics . . . the law must be broadly construed to effect its remedial and protective purpose.'" *Sarasota Citizens for Responsible Gov't v. City of Sarasota*, 48 So. 3d 755, 762 (Fla. 2010) (alteration in original) (quoting *Wood v. Marston*, 442 So. 2d 934, 938 (Fla. 1983)).  Our supreme court has also stated that "[t]he statute should be construed so as to frustrate all evasive devices."  *Town of Palm Beach v. Gradison*, 296 So. 2d 473, 477 (Fla. 1974).  Because the Sunshine Law must be liberally construed in favor of open government, "exemptions should be narrowly construed."  *Brown v. Denton*, 152 So. 3d 8, 11 (Fla. 1st DCA 2014).

Section 286.011(8) provides an exemption to the open meeting requirement of the Sunshine Law under certain conditions.  *See Zorc*, 722 So. 2d at 896.  Section 286.011(8) states:

(8) Notwithstanding the provisions of subsection (1), any board or commission of any state agency or authority or any agency or authority of any county, municipal corporation, or political subdivision, and the chief administrative or executive officer of the governmental entity, may meet in private with the entity's attorney to discuss pending litigation to which the entity is presently a party before a court or administrative agency, provided that the following conditions are met:

(a) The entity's attorney shall advise the entity at a public meeting that he or she desires advice concerning the litigation.

(b) *The subject matter of the meeting shall be confined to settlement negotiations or strategy sessions related to litigation expenditures.*

(c) The *entire session shall be recorded by a certified court reporter.* The reporter shall record the times of commencement and termination of the session, all discussion and proceedings, the names of all persons present at any time, and the names of all persons speaking. No portion of the session shall be off the record. The court reporter's notes *shall be fully transcribed and filed* with the entity's clerk within a reasonable time after the meeting.

(d) The entity shall give reasonable public notice of the time and date of the attorney-client session and the names of persons who will be attending the session. The session shall commence at an open meeting at which the persons chairing the meeting shall announce the commencement and estimated length of the attorney-client session and the names of the persons attending. At the conclusion of the attorney-client session, the meeting shall be reopened, and the person chairing the meeting shall announce the termination of the session.

(e) *The transcript shall be made part of the public record upon conclusion of the litigation.*

§ 286.011(8), Fla. Stat. (emphases added). As the statute provides, the discussions during the closed meeting are confined to settlement negotiations or strategy sessions related to litigation expenditures. *Id.*

7

The subsection (8)(e) requirement that transcripts of shade meetings "shall be made part of the *public record*" is a focal point of our analysis. We deem it important to note that section 286.011(8)(e) provides for a significant delay between a shade meeting and when the transcript of the meeting becomes a public record. The language of section 286.011(8)(e) leads to our discussion of the Public Records Act.

*Florida Public Records Act – Chapter 119, Florida Statutes*

Similar to the Sunshine Law, the Public Records Act was added to the Florida Constitution, and is also contained in article I, section 24 as subsection (a), which states:

> (a) Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, or persons acting on their behalf, *except with respect to records exempted pursuant to this section* or specifically made confidential by this Constitution.

Art. I, § 24(a), Fla. Const. (emphasis added). The constitutional provision regarding open government and public records has been primarily implemented by chapter 119, Florida Statutes.

As stated early on in chapter 119, "[i]t is the policy of this state that all state, county, and municipal records are open for personal inspection and copying by any person. Providing access to public records is a duty of each agency." § 119.01(1), Fla. Stat. (2017). Consistent with this policy, "the purpose of the Public Records Act 'is to open public records to allow Florida's citizens to discover the actions of their government.'" *Bent v. State*, 46 So. 3d 1047, 1049 (Fla. 4th DCA 2010) (quoting *Christy v. Palm Beach Cty. Sheriff's Office*, 698 So. 2d 1365, 1366 (Fla. 4th DCA 1997)).

Also similar to the Sunshine Law, "the public records law is to be construed 'liberally in favor of the state's policy of open government.'" *Morris Publ'g Grp., LLC v. Fla. Dep't of Educ.*, 133 So. 3d 957, 960 (Fla. 1st DCA 2013) (quoting *Nat'l Collegiate Athletic Ass'n v. Associated Press*, 18 So. 3d 1201, 1206 (Fla. 1st DCA 2009)). "If there is any doubt as to whether a matter is a public record subject to disclosure, the doubt is to be resolved in favor of disclosure." *Id.* Important to our analysis is that the Public Records Act, similar to the Sunshine Law, is subject to the provisions of article I, section 24(d), which provides exemptions existing prior to July 1, 1993, that remain in place until repealed. Art. I, §§ 24(c), (d), Fla. Const.

*Mediation Communication Confidentiality Exemption – Sections 44.102(3) and 44.405(1)*

The trial court relied on sections 44.405(1) and 44.102(3) as the statutory bases for exempting the Shade Meeting transcript from disclosure. Section 44.405(1) states: "(1) Except as provided in this section, *all mediation communications shall be confidential. A mediation participant shall not disclose a mediation communication to a person other than another mediation participant or a participant's counsel.*" § 44.405(1), Fla. Stat. (2017) (emphasis added). Section 44.102(3) states: "All *written communications* in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119." § 44.102(3), Fla. Stat. (2017) (emphasis added). Section 44.102(3) is a particularly key provision, since it *expressly* provides an exemption from chapter 119.

A transcript is a memorialization of oral communications; once memorialized, the exchange of ideas, information, and assertions become a written communication. Thus, to the extent the shade meeting transcript memorializes mediation communications, such portions of the transcript constitute a mediation communication within the meaning of sections 44.403(1), 44.102(3), and 44.405(1).

*The Trial Court Properly Harmonized Statutory Provisions.*

Appellants argue that the statutory provisions protecting the confidentiality of mediation communications do not create an exemption to the disclosure of the full Shade Meeting transcript because there is no exemption under section 286.011 regarding mediation. However, that argument ignores the language of the Florida Constitution in article I, section 24(d), which authorizes exemptions from open public meetings and access to public records by statutory exemptions existing before July 1, 1993.[3] More specifically, the argument ignores the status of the law, according to the chapter laws history under section 44.102. In 1990, the latest revision prior to 1993, the legislature renumbered section 44.302 as section 44.102, Florida Statutes. *See* Ch. 90-188, § 3, Laws of Fla. As amended by chapter law 90-188, section 44.102(3) provided:

---

[3] We note that the hearing transcript on Appellants' petition reflects that the trial court referred to article I, section 24(c), which provides for exemptions to the Sunshine Law and the Public Records Act created after July 1, 1993. Nonetheless, the trial court correctly understood that constitutional provisions control the analysis.

> Each party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and *to prevent* any person present at the proceeding from disclosing, communications made during such proceeding. *Notwithstanding the provisions of s. 119.14*, all oral or *written communications* in a mediation proceeding, other than an executed settlement agreement, *shall be exempt from the requirements of chapter 119 and shall be confidential* and inadmissible as evidence in any subsequent legal proceeding, unless all parties agree otherwise.

§ 44.102(3), Fla. Stat. (1990) (emphases added). What is critically significant is that, although section 44.102(3) has been substantially rewritten since 1990, *the core provision* ("[a]ll written communications in a mediation proceeding, other than an executed settlement agreement, shall be exempt from the requirements of chapter 119") *has not been repealed*. Thus, we conclude, as a matter of interpreting the constitutional provision for government in the sunshine and the statutes implementing it, the voters and the legislature intended mediation communications in written form to be exempt from public disclosure.

Additionally, we interpret the provisions of the Mediation Confidentiality and Privilege Act, adopted in 2004, to implement the language in the 1990 version of section 44.102(3) that "[e]ach party involved in a court-ordered mediation proceeding has a privilege to refuse to disclose, and *to prevent* any person present at the proceeding from disclosing, communications made during such proceeding." § 44.102(3), Fla. Stat. (1990) (emphasis added).

Based on the language of article I, section 24(d), we conclude the trial court properly determined that sections 44.102(3) and 44.405(1) are not inconsistent with the provisions of section 286.011(8). As we said in *Barnett v. Antonacci*, 122 So. 3d 400, 404 (2013),

> When reviewing constitutional provisions, a court "'follows principles parallel to those of statutory interpretation.'" *Lewis v. Leon Cnty.*, 73 So. 3d 151, 153 (Fla. 2011) (quoting *Zingale v. Powell*, 885 So. 2d 277, 282 (Fla. 2004)). First, Florida courts "must examine the actual language used in the constitution." *Id.* (citing *Crist v. Fla. Ass'n of Criminal Defense Lawyers, Inc.*, 978 So. 2d 134, 140 (Fla. 2008); *Fla. Dep't of Rev. v. City of Gainesville*, 918 So. 2d 250, 256 (Fla. 2005)). "If the constitutional language is clear, unambiguous, and addresses the matter at issue, it must be enforced as written,

and courts do not turn to rules of constitutional construction." *Ford v. Browning*, 992 So. 2d 132, 136 (Fla. 2008) (citing *Fla. Soc'y of Ophthalmology v. Fla. Optometric Ass'n*, 489 So. 2d 1118, 1119 (Fla. 1986)).

"If the explicit language is ambiguous or does not address the exact issue before the court, the court must endeavor to construe the constitutional provision in a manner consistent with the intent of the framers and the voters." *Id.* (citing *Crist*, 978 So. 2d at 140). "*It is a fundamental rule of construction that, if possible, amendments to the Constitution should be construed so as to harmonize with other constitutional provisions. . . ." State v. Div. of Bond Fin. of Dep't of Gen. Servs.*, 278 So. 2d 614, 617 (Fla. 1973).

*Id.* (emphasis added). Moreover, as noted by our supreme court in *In re Advisory Opinion of the Governor, Appointment of County Commissioners, Dade County*, 313 So. 2d 697 (Fla. 1975):

This Court has consistently held that the Constitution shall be construed in such a manner as to give effect to every clause and every part thereof. Every provision is inserted for a definite purpose and all sections and provisions of the Constitution must be construed in par[i] materia.

Additionally, our supreme court has held that

[t]he fundamental object to be sought in construing a constitutional provision is to ascertain the intent of the framers and the provision must be construed or interpreted in such manner as to fulfill the intent of the people, never to defeat it. Such a provision must never be construed in such manner as to make it possible for the will of the people to be frustrated or denied.

*Crist v. Fla. Ass'n of Criminal Defense Lawyers, Inc.*, 978 So. 2d 134, 140 (Fla. 2008) (quoting *Caribbean Conservation Corp. v. Fla. Fish & Wildlife Conservation Comm'n*, 838 So. 2d 492, 501 (Fla. 2003)) (emphasis omitted). The court has also said that a constitutional provision should be "construed as a whole in order to ascertain the general purpose and meaning of each part; each subsection, sentence, and clause must be read in light of the others to form a congruous whole so as not to render any language superfluous." *Dep't of Envtl. Prot. v. Millender*, 666 So. 2d 882, 886 (Fla. 1996).

Because section 286.011(8) was passed after the voters approved article I, section 24(d), and several years after statutes were enacted protecting the confidentiality of mediation communications,

> [i]t is axiomatic, [] that the courts must presume that statutes are passed with knowledge of prior existing statutes and where possible, it is the duty of the courts to favor a construction that gives a field of operation to all rather than construe one statute as being meaningless or repealed by implication. *See Oldham v. Rooks*, 361 So. 2d 140, 143 (Fla. 1978); *Woodgate Dev. Corp. v. Hamilton Invest. Trust*, 351 So. 2d 14, 16 (Fla. 1977). Therefore, whenever possible, courts must attempt to harmonize and reconcile two different statutes to preserve the force and effect of each. *See Unruh v. State*, 669 So. 2d 242, 245 (Fla. 1996) (stating that "[t]his follows the general rule that the legislature does not intend 'to enact purposeless and therefore useless legislation.'") (citation omitted). There must be hopeless inconsistency before rules of construction are applied to defeat the plain language of one of the statutes. *See Starr Tyme, Inc. v. Cohen*, 659 So. 2d 1064, 1068 (Fla. 1995).

*Agency for Health Care Admin. v. In re Estate of Johnson*, 743 So. 2d 83, 86-87 (Fla. 3d DCA 1999).

Noting the principle that constitutional and statutory provisions must be read in pari materia in a way to harmonize the provisions of each, we point out that sections 286.011(8)(c) and (e), relating to the creation of a shade meeting transcript, must be considered together with section 286.0105, Florida Statutes (2017), which provides:

> Each board, commission, or agency of this state or of any political subdivision thereof shall include in the notice of any meeting or hearing, if notice of the meeting or hearing is required, of such board, commission, or agency, conspicuously on such notice, the advice that, *if a person decides to appeal any decision made by the board*, agency, or commission with respect to any matter considered at such meeting or hearing, *he or she will need a record of the proceedings, and that, for such purpose, he or she may need to ensure that a verbatim record of the proceedings is made*, which record includes the testimony and evidence upon which the appeal is to be based.

12

§ 286.0105, Fla. Stat. (emphasis added). Section 286.0105 has been in effect since 1988, indicating that the legislature understood the importance of a verbatim record for appellate review of governmental board decisions when it adopted the transcript requirement for shade meetings.

We also note that section 286.011(8) was not passed until after the voters approved article I, section 24. It is significant that the statutory provisions protecting the confidentiality of mediation communications were in effect for several years before the voters approved article I, section 24. In contrast, section 286.011(8) became law on May 15, 1993, but was not effective until June 30, 1993, *one day* before the grandfathered exemptions under article I, section 24(d) closed. *See* Ch. 93-232, § 4, Laws of Fla.

Appellants contend that Attorney General Opinion 96-75 ("AGO 96-75") is persuasive authority for resolution of this appeal. AGO 96-75 deals with the issue of protecting the confidentiality and privacy of an *individual*'s medical record in the context of a workman's compensation claim. Op. Att'y Gen. Fla. 96-75 (1996). Appellants point to the language in AGO 96-75 that

> [t]he participants in such discussions [during a shade meeting] under these circumstances, therefore, should take precautions to protect the confidentiality of an employee's medical reports and condition such that when the transcript of the closed-door meeting is made a part of the public record, the privacy of the employee will not be breached.

*Id.* Recognizing that it is problematic for a governing board to make a decision as to whether to accept, offer, or reject a settlement proposal without having information contained in mediation communications, Appellants argued at oral argument that the appropriate solution would be for the government's attorney to speak privately and individually with each board member about mediation communications prior to the shade meeting.

However, Appellant's attempted application of AGO 96-75 as offering a solution is simply untenable. Aside from the practical problem of how to assure each board member hears the same information, such an approach deprives the board of the collective benefit of exchanging ideas and asking questions about mediation communications that build upon questions asked by other board members, in order to reach a collaborative decision. Additionally, such an approach inappropriately sidesteps the requirement

13

to record important communications that would be essential to the collaborative process when a governing board decides whether to settle a case. More importantly, AGO 96-75 addresses the protection of confidentiality and privacy of an *individual's* medical record in the context of a workman's compensation claim. Op. Att'y Gen. Fla. 96-75 (1996). It does not address the confidentiality of mediation communications involving information regarding *multiple* persons. *Id.*

*Error by Failing to Conduct an In Camera Review*

Even though the trial court correctly harmonized the statutory provisions protecting the confidentiality of mediation communications with the requirements of section 286.011(8), the trial court was led astray by the parties' agreement that an in camera review of the transcript was not needed.

> When, as in the instant case, certain statutory exemptions are claimed by the party against whom the public records request has been filed or when doubt exists as to whether a particular document must be disclosed, the proper procedure is to furnish the document to the trial judge for an *in camera* inspection.

*Walton v. Dugger,* 634 So. 2d 1059, 1061-62 (Fla. 1993). As stated by the Second District in *Gonzalez v. State*, 240 So. 3d 99 (Fla. 2d DCA 2018),

> In camera review affords the trial judge an opportunity to "properly determine if the document is, in fact, subject to a public records disclosure." [] That is, without conducting an in camera inspection of the requested [compact discs], the circuit court could not conclude that their contents are exempt from disclosure under section 119.071(3)(a)(2) or section 281.301; nor could it determine whether redaction was possible.

*Id.* at 101.

In the context of attorney-client privilege, we have held that when the privilege is asserted, the party claiming the privilege is entitled to an in camera review of the documents by the trial court prior to disclosure. *American Airlines, Inc. v. Cimino*, 44 Fla. L. Weekly D1495 (Fla. 4th DCA June 12, 2019); *Alliant Ins. Services, Inc. v. Riemer Ins. Group*, 22 So. 3d 779, 781 (Fla. 4th DCA 2009). Confidentiality is the core value protected by both the attorney-client privilege and the statutes protecting mediation

communications.  Given the importance of protecting the Sunshine Law, the Public Records Act, and mediation confidentiality, we hold that it is fundamental error for a trial court to rule on an exemption to public access to the full shade meeting transcript by redacting mediation communications without conducting an in camera review of the transcript to determine if the claimed exemption applies.

### *Conclusion*

We conclude that the trial court properly applied constitutional and statutory provisions and correctly ruled that the statutory mediation communication exemption under sections 44.102(3) and 44.405(1) precluded the disclosure of the full Shade Meeting transcript under review. We further affirm the trial court's ruling that the exemption is permanent and not temporary.  However, the trial court erred in denying the petition for writ of mandamus without conducting an in camera review of the transcript to determine if redactions of claimed mediation communications are appropriate.  Thus, we reverse the final judgment and remand for the trial court to conduct the required in camera review of the full Shade Meeting transcript to assess whether redactions of mediation communications proposed by the District have been appropriately applied.

*Affirmed in part, reversed in part, and remanded with instructions.*

DAMOORGIAN and FORST, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

15