# Third District Court of Appeal
## State of Florida

Opinion filed April 13, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-295
Lower Tribunal No. A85U5DE
_____

**City of Miami,**
Petitioner,

vs.

**Andres Armando Blanco, et al.,**
Respondents.

A Writ of Certiorari to the County Court for Miami-Dade County, Raul A. Cuervo, Judge.

Victoria Méndez, City Attorney, and Eric J. Eves, Assistant City Attorney, for petitioner.

Law Offices of Robert S. Reiff, P.A., and Robert S. Reiff, for respondent Andres Armando Blanco; Ashley Moody, Attorney General, and Michael W. Mervine, Chief Assistant Attorney General, for respondent The State of Florida.

Before FERNANDEZ, C.J., and LINDSEY and HENDON, JJ.

HENDON, J.

The City of Miami ("City") petitions this Court for a writ of certiorari, seeking to quash the trial court's order denying the City's motion to set aside/quash the trial court's order granting Andres Armando Blanco's ("Blanco") motion to compel and for a subpoena duces tecum for video camera recordings taken at the City's police station following Blanco's arrest for driving under the influence. We grant the petition for writ of certiorari, quash the order under review, and remand with instructions for the lower tribunal to conduct an in camera review of the video camera recordings.

## I. BACKGROUND

According to a complaint/arrest affidavit, a City police officer arrested Blanco for driving under the influence. Blanco was transported to a City police station where a breathalyzer test was administered.

Pursuant to Chapter 119 of the Florida Statutes, Blanco filed a public records request with the City, requesting a copy of the video camera recordings of the police station for a specific two hour period on the day of Blanco's arrest. The City denied the public records request stating that the video camera recordings obtained from the security systems are confidential and exempt from disclosure under sections 119.071(3)(a) and 281.301, Florida Statutes (2021)—"security system plan" exemption.

On October 20, 2021, after the City denied the public records request, Blanco filed a motion to compel and/or for a subpoena duces tecum for video camera recordings ("Motion to Compel") in his criminal case. He argued that the video camera recordings may show that the breathalyzer test was improperly conducted under the Florida administrative rules governing such testing. A copy of the Motion to Compel was sent to the Office of the State Attorney and the City of Miami Police Department, Public Records Department.

An online hearing was conducted on October 27, 2021, before Judge Seraphin. During the hearing, Blanco's counsel, Mr. Robert Reiff, and an assistant state attorney were present, but there was no appearance by the City.[1] The trial court addressed several motions filed by Mr. Reiff, including the Motion to Compel. The transcript of the hearing reflects the following as to the Motion to Compel:

> MR. REIFF: . . . The next motion is a motion [to] compel and/or for permission to issue a subpoena duces tecum for surveillance video camera feed for the City of Miami Police Department substation six.
> THE COURT: Is that on the same case?
> MR. REIFF: It is on the same case, Your Honor. These are all for Blanco.

[1] Although a copy of the Motion to Compel was sent to the City's Public Records Department, it does not appear that the City was notified of the hearing on the Motion to Compel.

THE COURT: All right. Motion is granted.

MR. REIFF: Thank you, Your Honor. Are you compelling the State to produce it or permitting me to issue a subpoena?

THE COURT: Issue subpoena, sir.

MR. REIFF: Okay, I will submit an order for that as well. Thank you again, Your Honor. . . .

Thereafter, on November 18, 2021, the trial court entered an "Order Granting Defendant's Motion to Compel and/or for a Subpoena *Duces Tecum* for Video Camera Recordings," stating it was granting Blanco's request to issue the subpoena for the video camera recordings.

The City moved to set aside or quash the trial court's order granting Blanco's Motion to Compel ("Motion to Quash"). The City argued the video camera recordings are confidential and exempt from disclosure under sections 119.071(3)(a) and 281.301 because they reveal information pertaining to the security capabilities and vulnerabilities of the City's police department's security systems. The City acknowledged that a court may order disclosure of the exempt information only upon a showing of "good cause." The City disputed Blanco's claim that the video camera recordings would show good cause because they do not show the officers administering the breathalyzer. The City further argued that prior to ordering disclosure, the trial court must conduct an in camera review, citing to <u>Gonzalez v. State</u>, 240 So. 3d 99, 101 (Fla. 2d DCA 2018) ("In camera review affords the trial judge an opportunity to 'properly determine if the document is, in fact, subject

4

to a public records disclosure.' . . . That is, without conducting an in camera inspection of the requested CDs, the circuit court could not conclude that their contents are exempt from disclosure under section 119.071(3)(a)(2) or section 281.301; nor could it determine whether redaction was possible."). The City offered to provide the video camera recordings to the trial court for an in camera review.

The City's Motion to Quash was heard by Judge Raul A. Cuervo. After a non-evidentiary hearing, and without conducting an in camera review of the video camera recordings, the trial court denied the City's Motion to Quash. The City's petition for writ of certiorari followed.

## II. ANALYSIS

The City argues that the trial court departed from the essential requirements of law by failing to review the video camera recordings in camera prior to granting Blanco's Motion to Compel.[2] We agree.

"To grant certiorari relief, there must be: '(1) a material injury in the proceedings that cannot be corrected on appeal (sometimes referred to as irreparable harm); and (2) a departure from the essential requirements of the law.' " Fla. Power & Light Co. v. Cook, 277 So. 3d 263, 264 (Fla. 3d DCA 2019) (quoting Nader v. Fla. Dep't of Highway Safety & Motor Vehicles, 87

---

[2] Respondent, The State of Florida, takes the same position as the City.

5

So. 3d 712, 721 (Fla. 2012)).  Blanco does not dispute that the City has met the jurisdictional requirement of "irreparable harm," but does dispute whether there has been a departure from the essential requirements of law.

A departure from the essential requirements of law can be demonstrated based on statutes, rules of procedure, or case law. See Dodgen v. Grijalva, 331 So. 3d 679, 684 (Fla. 2021) (" '[C]learly established law' can derive from a variety of legal sources, including recent controlling case law, rules of court, statutes, and constitutional law.") (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003)).  "[A] circuit court (even one functioning in its appellate capacity) is *bound* to apply existing precedent from another district if its district has not yet spoken on the issue." Nader, 87 So. 3d at 724 (emphasis in original); see State, Dep't of Highway Safety & Motor Vehicles, 204 So. 3d 169 (Fla. 1st DCA 2016) (holding that the circuit court's failure to follow a decision from Florida's Second District Court of Appeal "was a profound error, amounting to a clear departure from the essential requirements of law because 'in the absence of interdistrict conflict, district court decisions bind all Florida trial courts.' ") (quoting Pardo v. State, 596 So. 2d 665, 666 (Fla. 1992)).

Sections 119.071(3)(a) and 281.301(1) sets forth a "security system plan" exemption to Florida's public records disclosure laws.  See Fla. Dep't

6

of Corr. v. Miami Herald Media Co., 278 So. 3d 786, 787 (Fla. 1st DCA 2019);

State Attorney's Off. of Seventeenth Jud. Cir. v. Cable News Network, Inc.,

251 So. 3d 205, 213 (Fla. 4th DCA 2018) ("Because the footage from the

surveillance camera 'relates directly' to the security system at [the public high

school], including both its capabilities and its vulnerabilities, the footage is

confidential and exempt from disclosure to the public under sections

119.071(3)(a) and 281.301(1), unless an exception to the exemption

applies."). However, the confidential and exempt information under these

sections may be disclosed "[u]pon a showing of good cause before a court

of competent jurisdiction." § 119.071(3)(a)3.d.; § 281.301(2)(d); see Miami

Herald Media, 278 So. 3d at 790 ("Florida law allows for the public disclosure

of materials that otherwise would be exempted for security purposes if good

cause is shown."). Sections 119.071(3) and 281.301 do not specifically

require the trial court to conduct an in camera review prior to ordering

disclosure.[3] Thus, based on the statute itself, the trial court did not depart

---

[3] In contrast, an in camera review is addressed in section 119.07, titled "Inspection and copying of records; photographing public records; fees; exemptions," and does provide for an in camera review by the trial court under certain circumstances:

(g) In any civil action in which an exemption to this section is asserted, if the exemption is alleged to exist under or by virtue of s. 119.071(1)(d) or (f), (2)(d), (e), or (f), or (4)(c), the public record or part thereof in question shall be submitted to the court for an inspection in camera. If an exemption is alleged to exist under or

7

from the essential requirements of law by not conducting an in camera review prior to ordering the disclosure of video camera recordings.

In its petition for writ of certiorari, however, the City has relied on case law from other courts in Florida when arguing that the trial court departed from the essential requirement of law. In <u>Walton v. Dugger</u>, 634 So. 2d 1059, 1061-62 (Fla. 1993), the Florida Supreme Court addressed whether noncompliance with a public records request under chapter 119, Florida Statutes (1989), to the State Attorney and the Pinellas County Sheriff can be addressed in a rule 3.850 motion. The Florida Supreme Court found that it can, and in doing so, stated:

> When, as in the instant case, certain statutory exemptions are claimed by the party against whom the public records request has been filed or when doubt exists as to whether a particular document must be disclosed, the proper procedure is to furnish the document to the trial judge for an *in camera* inspection. At that time, the trial judge can properly determine if the document is, in fact, subject to a public records disclosure. Under the circumstances of this case, the trial judge should have granted an evidentiary hearing to consider whether the exemptions applied or whether the documents requested were public records subject to disclosure.

---

> by virtue of s. 119.071(2)(c), an inspection in camera is discretionary with the court. If the court finds that the asserted exemption is not applicable, it shall order the public record or part thereof in question to be immediately produced for inspection or copying as requested by the person seeking such access.

This provision applies to civil actions, not criminal actions, and it does not refer to section 119.071(3)(a).

<u>Walton</u>, 634 So. 2d at 1061-62 (internal citations omitted) (emphasis in original).

In <u>Downs v. State</u>, 740 So. 2d 506, 510 (Fla. 1999), the Florida Supreme Court addressed the above language in <u>Walton</u> as follows:

> Contrary to Downs' assertion, we do not read our opinion in <u>Walton</u> to require an evidentiary hearing in every case. Rather, we remanded for an evidentiary hearing in <u>Walton</u> because the trial court summarily denied Walton's motion on the mistaken belief that noncompliance with a public records request may not be raised in a rule 3.850 motion. No such error occurred in the instant case.

The Court held that Downs was not entitled to an evidentiary hearing on his 3.850 motion, noting as follows:

> Here, both the state and the sheriff's office stated during a hearing on Downs' public records request that all documents had been disclosed and expressly denied the existence of any documents not otherwise included in the disclosed files. Further, Hicks[, the records custodian for the Jacksonville Sheriff's Office ("JSO"),] testified that all documents given to him from the departments within the JSO were then disclosed to collateral counsel. Based on this testimony, the trial court denied Downs' motion to compel because the evidence was "uncontroverted that all records of JSO have been provided [to the] defense" and that "mere suspicion that there is more does not warrant an evidentiary hearing" under rule 3.850. Later, in its summary denial of Downs' 3.850 motion, the trial court again "ensured that the documents to which the defendant was entitled were provided to him."

<u>Downs</u>, 740 So. 2d at 511. Thus, the language in <u>Downs</u> reflects that an evidentiary hearing was held on Downs' motion to compel, during which the

9

trial court made specific findings indicating that the State and the JSO turned over the requested documents that he was entitled to. As such, an evidentiary hearing on his rule 3.850 motion was not necessary, and it was proper to summarily deny Downs' 3.850 motion.

The Fifth District Court of Appeal in Demings v. Brendmoen, 158 So. 3d 622 (Fla. 5th DCA 2014), addressed an issue similar to the issue in the instant case. Andrew Brendmoen filed a motion seeking to compel the State to produce the Orange County Sheriff's operation plan for an undercover operation intended to identify violations of the "Computer Pornography and Child Exploitation Prevention Act." Demings, 158 So. 3d 623. The State and Brendmoen attended the hearing, but the Sheriff's Office was not provided with notice of the motion or of the hearing. Id. When the Orange County Sheriff, Jerry L. Demings, learned that the trial court had ordered the disclosure of the operation plan, he moved to vacate the trial court's order. Id. At the hearing on Sheriff Demings' motion to vacate, the trial court informed the parties that it had already made its decision, and thereafter, entered an order denying Sheriff Demings' motion to vacate.

Sheriff Demings filed a petition for writ of certiorari, seeking to quash the trial court's order directing the production of the operation plan, arguing that the operation plan contains sensitive law enforcement information that

10

is exempt from disclosure, in part, under section 119.071(2), Florida Statutes (2013). Id. at 624. Sheriff Demings indicated that the operation plan contains sensitive information that was used in other law enforcement operations, and the surveillance techniques and procedures will likely be used in future operations. Id. The Fifth District granted Sheriff Demings' petition for writ of certiorari, quashed the order under review, and remanded for further proceedings, stating, in part, as follows:

> Here, the trial court failed to allow the Sheriff to challenge the discovery request or order, despite expressly recognizing the Sheriff's standing to do so. Once the trial court determined the Sheriff had standing to contest the production of the Plan, it was error to deny him a meaningful opportunity to be heard. "When, as in the instant case, certain statutory exemptions are claimed by the party against whom the public records request has been filed or when doubt exists as to whether a particular document must be disclosed, the proper procedure is to furnish the document to the trial judge for an in camera inspection." Walton v. Dugger, 634 So. 2d 1059, 1061-62 (Fla.1993). In camera review affords the trial judge an opportunity to "properly determine if the document is, in fact, subject to a public records disclosure." Id. at 1062.

Demings, 158 So. 3d at 625 (footnote omitted).

Similarly, in 2018, in Gonzalez v. State, 240 So. 3d 99 (Fla. 2d DCA 2018), the Second District Court of Appeal addressed whether the circuit court was required to conduct an in camera review of the discovery evidence requested by Gonzalez—copies of twenty-one CDs that the State had listed in its case against Gonzalez. Id. at 100. The State responded that fifteen of

11

the CDs would be made available, but six of the CDS were exempt from public disclosure pursuant to sections 119.071(3)(a)(2) and 281.301 (Fla. Stat. 2015).[4]  Gonzalez, 240 So. 3d at 100.  Thereafter, Gonzalez filed a motion to compel the State to produce all twenty-one CDs, which the trial court treated as a petition for writ of mandamus.  Id.  Without conducting an in camera  review, the trial court summarily denied the petition for writ of mandamus, finding that the six CDs were subject to public records exemptions.

Gonzalez appealed the summary denial of his motion to compel.  The Second District reversed the denial of the petition for writ of mandamus and remanded to the circuit court to conduct an in camera inspection of the six CDs to determine if they are subject to the exemptions from public disclosure under sections 119.071(3)(a)(2) and 281.301, and if so, whether redaction would allow their production.  In doing so, the Second District stated:

> In camera review affords the trial judge an opportunity to "properly determine if the document is, in fact, subject to a public records disclosure." Walton, 634 So. 2d at 1062.  That is, without conducting an in camera inspection of the requested CDs, the circuit court could not conclude that their contents are exempt from disclosure under section 119.071(3)(a)(2) or section 281.301; nor could it determine whether redaction was possible.

---

[4] These statutes also set forth a public records exemption for a "security system plan."

12

<u>Gonzalez</u>, 240 So. 3d at 101.

More recently, in <u>Everglades Law Center, Inc. v. South Florida Water Management District</u>, 290 So. 3d 123, 125 (Fla. 4th DCA 2019), the Fourth District Court of Appeal addressed whether "mediation communications disclosed by a governmental attorney during a shade meeting are to be redacted from the transcript of the shade meeting when it becomes public record." In addressing this issue, the Fourth District, relying on both <u>Walton</u> and <u>Gonzalez</u>, stated: "Even though the trial court correctly harmonized the statutory provisions protecting the confidentiality of mediation communications with the requirements of section 286.011(8), the trial court was led astray by the parties' agreement that an in camera review of the transcript was not needed." <u>Everglades Law Ctr.</u>, 290 So. 3d at 133. Although the statutes addressed in <u>Everglades Law</u> and in the instant case are different, confidentiality is at issue in both cases.

## III. CONCLUSION

Based on the above analysis, we conclude that the trial court departed from the essential requirements of law by not conducting an in camera review of the video camera recordings prior to granting Blanco's Motion to Compel. Without an in camera review, the trial court cannot determine whether the video camera recordings fall within the security plan exemption or even if

they are material in any manner. Accordingly, we grant the petition for writ of certiorari, quash the trial court's order denying the City's Motion to Quash, and remand with instructions for the trial court to conduct an in camera review of the video camera recordings.

Petition granted; order quashed; and remanded with instructions.