829 So.2d 989 (2002)
PINELLAS COUNTY SCHOOL BOARD, Appellant,
v.
SUNCAM, INC., Appellee.
No. 2D01-4251.
District Court of Appeal of Florida, Second District.
November 8, 2002.
*990 John W. Bowen and Thomas L. Wittmer, Largo, for Appellant.
Charles A. Carlson of Barnett, Bolt, Kirkwood & Long, Tampa, for Appellee.
John R. Hargrove and Carol A. Gart of Heinrich Gordon Hargrove Weihe & James, P.A., Fort Lauderdale, for First Amendment Foundation, Amicus Curiae.
GREEN, Judge.
The Pinellas County School Board presents two points on appeal concerning a final judgment which determined that the board had committed a violation of the Florida Sunshine Law, section 286.011, Florida Statutes (2001). We affirm.
The board first complains that the trial judge acted improperly by reversing an earlier temporary order entered by a different judge. We disagree. The judge in the earlier proceeding found no Florida Sunshine Law violation by the board which would justify an award of attorney fees. The record reflects that a great deal of activity occurred during the period between the two judgments, including discovery, and the final judgment resulted from a full trial. "Until final judgment, a successor judge does have the power to vacate or modify the interlocutory rulings or orders of any predecessor judge in the case." See Russ v. City of Jacksonville, 734 So.2d 508, 511 (Fla. 1st DCA 1999) (citation omitted).
The facts are not in dispute. The Pinellas County School Board scheduled a public meeting of the Special Services Selection Committee for the purpose of evaluating applications of general contractors for the remodeling, renovation, and new construction of Gibbs High School in Pinellas County. It is agreed that the board complied with all other requirements of the Florida Sunshine Law, section 286.011, Florida Statutes (2001), with the exception of denying the request of Suncam, Inc. to videotape the proceedings.
The asserted justification for denial by the board was that participants in the meeting would not act normally while being videotaped and that this would impair the work of the committee. It is agreed that the videotaping itself would be unobtrusive. It is also agreed that although the board vacillated on whether to allow videotaping, in the final analysis, videotaping was permitted solely at the discretion of the board through its superintendent. The ultimate issue for our determination is whether the board retains unfettered authority to deny videotaping of its otherwise public meeting. We answer the question in the negative, but limit our response to the sufficiency of the board's stated reason for not allowing videotaping in this instance. See Knox v. Dist. Sch. Bd., 821 So.2d 311 (Fla. 5th DCA 2002).
The Sunshine Law was enacted to protect the public from "closed door" politics. See Wood v. Marston, 442 So.2d 934, 938 (Fla.1983). As a result, the law "must be broadly construed to effect its remedial and protective purpose." Id. "The breadth of such right is virtually unfettered...." Lorei v. Smith, 464 So.2d 1330, 1332 (Fla. 2d DCA 1985). In Hough v. Stembridge, 278 So.2d 288, 289 (Fla. 3d DCA 1973), the Third District held that violation of the Sunshine Law can occur where a state agency meets and violates the "statute's spirit, intent, and purpose." Thus, although the statute does not explicitly provide for the video recording of public meetings, the refusal to allow such recording *991 certainly violates the "statute's spirit, intent, and purpose."
This specific issue was addressed by the attorney general several years ago. Op. Att'y. Gen. Fla. 91-28 (1991). See Leadership Hous., Inc. v. Dep't of Revenue, 336 So.2d 1239 (Fla. 4th DCA 1976); Beverly v. Div. of Beverage of Dep't of Bus. Regulation, 282 So.2d 657 (Fla. 1st DCA 1973) (holding opinions of attorney general are entitled to great weight in construing law of state, but are not binding on the district court of appeal). The attorney general stated: "A municipality may not prohibit a citizen from video taping the meetings of the city council through the use of nondisruptive video recording devices." The attorney general concluded its opinion with the following statement:
In previously considering a similar issue, this office stated that a rule which prohibits the use of all tape recorders, including silent taping devices that are neither distracting nor disruptive, was in conflict with the public policy of the state as interpreted under s. 286.011, F.S. While a public board may adopt reasonable rules and policies to ensure the orderly conduct of its public meeting and to require orderly behavior on the part of those attending, rules prohibiting the use of silent or nondisruptive tape recording devices would appear to be unreasonable and arbitrary and, therefore, invalid.
Morever, the Legislature in s. 934.02(1), F.S., appears to implicitly recognize the public's right to silently record public meetings. Chapter 934, F.S., the Security of Communications Law, regulates the interception of oral communication. Section 934.02(2), Florida Statutes, however, defines "oral communication" as specifically excluding "public oral communication uttered at a public meeting."
Op. Att'y. Gen. Fla. 91-28 (footnotes omitted).
We determine that the board was in violation of the Florida Sunshine Law in the instant case and, therefore, affirm the final judgment with the exception of the provision granting Suncam, Inc. attorney fees and costs without fixing the amount. The portion of the final judgment awarding Suncam, Inc. attorney fees and costs was dismissed from this appeal as a nonfinal, nonappealable portion of the judgment and, therefore, that limited subject must again be addressed by the trial judge. See JB Invs., Inc. v. John B. Kane & Co., 805 So.2d 900 (Fla. 2d DCA 2001).
Affirmed and remanded for proceedings pursuant to this opinion.
CASANUEVA and KELLY, JJ., Concur.