IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MAYOR ALVIN BROWN AND
THE CITY OF JACKSONVILLE
AND THE JACKSONVILLE
POLICE AND FIRE PENSION
FUND BOARD OF TRUSTEES,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

        Appellants,

v.                                              CASE NOS. 1D14-0443 & 1D14-0444

FRANK DENTON,

        Appellee.

_____/

Opinion filed October 21, 2014.

An appeal from the Circuit Court for Duval County.
Waddell A. Wallace, Judge.

Craig D. Feiser and David J. D'Agata, Assistant General Counsels, Jacksonville,
for Appellants Mayor Alvin Brown and the City of Jacksonville.

Robert D. Klausner, Stuart A. Kaufman, and Paul A. Daragjati of Klausner,
Kaufman, Jensen & Levinson, Plantation, for Appellant Jacksonville Police and
Fire Pension Fund Board of Trustees.

George D. Gabel, Jr., Timothy J. Conner, and Jennifer Mansfield of Holland &
Knight, Jacksonville, for Appellee.

ROBERTS, J.,

In this consolidated appeal, the appellants, Mayor Alvin Brown (the Mayor), the City of Jacksonville (the City), and the Jacksonville Police and Fire Pension Fund Board of Trustees (the Board), appeal an order granting summary final judgment in favor of the appellee, Frank Denton (Denton). Finding no grounds for reversible error, we affirm.

In February 2013, Randall Wyse, who was employed as the fire district chief and who also served as the Chief Negotiator for the Firefighters' Union – the Jacksonville Association of Fire Fighters Local 122, IAFF (JAFF) – along with several other plaintiffs, filed suit against the City and the Board in the United States District Court for the Middle District of Florida. In March 2013, the City, the Board, and the plaintiffs voluntarily sought mediation in the federal case. For the next few months, several closed-door mediation sessions were held at a stipulated mediator's office in Gainesville, Florida. Although not parties to the federal litigation, the JAFF and the Fraternal Order of Police Lodge 5-30 (FOP and, collectively with JAFF, the Unions) attended the mediation sessions. No party informed the federal court that the negotiations would entail collective bargaining or that the provisions of the Florida Statutes and Constitution may require such collective bargaining to be conducted in public. There was no public notice of the mediation sessions nor was any transcript made of the proceedings.

2

The end result of the private mediation sessions was a Mediation Settlement Agreement (MSA), which, on its face, changed the specific, defined pension benefits of City employees in the Unions. The signatories to the MSA included: the Mayor's Chief of Staff, General Counsel for the City, Wyse (who signed "individually" and also as the President/Chief Negotiator of JAFF), the Executive Director of the Pension Fund, legal counsel for the Pension Fund, legal counsel for the Unions, and the President/Chief Negotiator of FOP as well as the remaining federal plaintiffs. The parties were to use their best efforts to obtain approval from their respected officials necessary for implementation of the MSA. It was also undisputed that the parties intended to seek further mediation if the MSA were not adopted.

In May 2013, the Mayor held a press conference announcing an agreement on retirement reform with the Unions. An ordinance was subsequently introduced to the City Council seeking approval of the MSA. In July 2013, the City Council voted down the proposed ordinance and, therefore, decided not to adopt the MSA.

In August 2013, Denton, an editor of the Florida Times-Union newspaper in Jacksonville, filed a verified amended complaint for declaratory and injunctive relief in circuit court against the Mayor, in his official capacity, the City, and the Board. The complaint alleged that the closed-door mediation sessions constituted collective bargaining negotiations that, under section 447.605(2), Florida Statutes

3

(2013), were conducted in violation of Florida's Sunshine Law as codified in section 286.011, Florida Statutes (2013). The complaint sought a declaration that the MSA was void *ab initio* and that a Sunshine Law violation occurred and would continue to occur were the mediation sessions allowed to continue. Finally, the complaint sought an injunction prohibiting the defendants from adopting, performing, or implementing the MSA and from engaging in future mediation.

Following motions for summary judgment on the issues, on December 31, 2013, the circuit court entered an order granting summary final judgment in favor of Denton. The circuit court found that it had jurisdiction to determine whether collective bargaining had been held in compliance with the Sunshine Law and to enjoin further violations. The circuit court found that in negotiating the MSA, the City and the Board made changes to the terms of the employee pension benefits, which were a mandatory subject of collective bargaining, and, absent a clear waiver, were required to be conducted in the sunshine. The circuit court found that the Board acted as the Unions' representative and bargaining agent in the negotiations or the Unions themselves participated to some degree in negotiating the MSA. As such, the circuit court held that the federal mediation sessions violated the Sunshine Law, voided the MSA *ab initio*, and enjoined "the parties from conducting further proceedings entailing collective bargaining of the police

4

officer and firefighter pension funds in private outside of the sunshine." The circuit court further held,

> The Local Rules for the Middle District of Florida require that mediations be privileged. Given the parameters of the Sunshine Law and its place within the Florida Constitution, however, it is appropriate that the parties be ordered to inform a federal court that they are obligated to comply with Florida's Sunshine Law requirements and further ordered to take all reasonable steps to seek a waiver of the local federal rules in order to comply with this Court's judgment, the Constitution of the State of Florida, and applicable Florida laws mandating Government in the Sunshine. If, after fully complying with this Court's judgment, the parties nevertheless are ordered by the federal court to conduct mediations in private, the Supremacy Clause of the United States Constitution requires that the parties comply with the federal court's order.

The appellants then individually initiated appeals, between them challenging the circuit court's jurisdiction, its determination that collective bargaining occurred, its determination that the entities present at the mediation sessions had the ability to collectively bargain pension benefits, and its determination that the Board acted as the Unions' bargaining agent. They also argued that the circuit court's order violated the rule of confidentiality of mediation sessions, principles of comity, and the Supremacy Clause. We are not persuaded that any of these issues require reversing Judge Wallace's well-reasoned and sound order.

The Sunshine Law provides a right of access to government. See Art. 1, § 24, Fla. Const.; § 286.011, Fla. Stat. (2013). It was enacted in the public interest to protect the public from "closed door" politics. See Pinellas Cnty. Sch. Bd. v.

5

Suncam, Inc., 829 So. 2d 989, 990 (Fla. 2d DCA 2002) (citing Wood v. Marston, 442 So. 2d 934, 938 (Fla. 1983)). The Sunshine Law is to be liberally construed to give effect to its public purpose, and exemptions should be narrowly construed. See Bd. of Pub. Instruction of Broward Cnty. v. Doran, 224 So. 2d 693, 699 (Fla. 1969). In addition, it should be construed so as to frustrate all evasive devices. See City of Miami Beach v. Berns, 245 So. 2d 38, 41 (Fla. 1971).

Chapter 447, Part II, Florida Statutes (PERA), governs collective bargaining of public employees. Section 447.605(2), Florida Statutes (2013), provides:

> The collective bargaining negotiations between a chief executive officer, or his or her representative, and a bargaining agent shall be in compliance with the provisions of s. 286.011.

Thus, once the collective bargaining process begins, whenever one side or any of its representatives at any time meets with the other side or any of its representatives to discuss anything relevant to the terms and conditions of the employer-employee relationship, such a meeting is subject to the Sunshine Law. City of Fort Myers v. News-Press Publ'g Co., Inc., 514 So. 2d 408, 412 (Fla. 2d DCA 1987).

The matters here were presented to the circuit court in the context of violations of the Sunshine Law. Considering and determining Sunshine Law violations are within the circuit court's purview. See § 286.011(2), Fla. Stat. (2013) (vesting jurisdiction to enforce the public meeting requirements in the

6

circuit courts). While the circuit court made some determinations regarding collective bargaining, those determinations were not dispositive of any issues particularly relating to the collective bargaining process itself so as to fall under PERC's exclusive jurisdiction. Rather, they constituted necessary threshold determinations in the context of whether the mediation sessions triggered application of the Sunshine Law. Cf. Miami Ass'n of Firefighters Local 587 v. City of Miami, 87 So. 3d 93 (Fla. 3d DCA 2012) (finding that the union was required to exhaust its administrative remedies with PERC before seeking relief in circuit court where the claims against the City raised violations of *both* chapter 447, Florida Statutes, and the Sunshine Law).

The circuit court found that the Board acted as the Unions' bargaining agent in the mediation sessions, which, in the context of the Sunshine Law, was a proper finding. The circuit court focused on the fact that section 447.605(2) requires collective bargaining to be conducted in the sunshine when negotiations involve a "bargaining agent." Considering the definition of bargaining agent in section 447.203(12), Florida Statutes (2013), the circuit court found that it included more than just PERC-certified bargaining agents as it also included the certified entities' "representative." Thus, the fact that the Board had not been formally designated as the Unions' bargaining agent did not necessarily mean that it did not function as a

7

representative of the Unions so as to qualify as a "bargaining agent" for purposes of Sunshine Law application.

With regard to whether collective bargaining occurred during the mediation sessions, the circuit court found that the parties negotiated pension benefits, an undisputed mandatory subject of collective bargaining. The circuit court appropriately considered the parties that went in to the closed-door mediation sessions and the end product, which by its terms made changes to employee pension benefits. As further evidence of the changes made by the MSA, the circuit court recognized that the Mayor held a press conference announcing an agreement on retirement reform with the Unions. The fact that the MSA was tentative and conditioned upon further approval does not cure any prior Sunshine Law violation as the purpose of the Sunshine Law is to "prevent at nonpublic meetings the crystallization of secret decisions to a point just short of ceremonial acceptance." Zorc v. City of Vero Beach, 722 So. 2d 891, 896 (Fla. 4th DCA 1998) (citing Town of Palm Beach v. Gradison, 296 So. 2d 473, 477 (Fla. 1974)). The circuit court's findings with regard to the parties as well as the nature of the mediation sessions were supported by the record such that they should not be disturbed on appeal.

With regard to the remedy ordered, the circuit court took appropriate care in recognizing the federal court's supremacy and the limited scope of the Sunshine

Law issue before it. The circuit court narrowly crafted its remedy to respect the interplay between Sunshine Law principals and federal mediation.

We affirm the order on appeal under the broad public policy of Florida's Sunshine Law. We cannot condone hiding behind federal mediation, whether intentionally or unintentionally, in an effort to thwart the requirements of the Sunshine Law. Caution should be taken to comply with the Sunshine Law, and compliance should be the default rather than the exception. See Gradison, 296 So. 2d at 477 ("The principle to be followed is very simple: When in doubt, the members of any board, agency, authority or commission should follow the open-meeting policy of the State."). By holding closed-door negotiations that resulted in changes to public employee's pension benefits, the appellants ignored an important party who also had the right to be in the room – the public.

AFFIRMED.

MARSTILLER and SWANSON, JJ., CONCUR.