TRACI FERNANDEZ

VERSUS

CITY OF KENNER, TOM WILMOTT,
KRISTI KATSANIS MCKINNEY,
GREGORY CARROL, MICHAEL SIGUR,
GLENN HAYES, GEORGE BRANNIGAN,
AND BRIAN BRENNAN

NO. 21-CA-550

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 806-546, DIVISION "F"
HONORABLE MICHAEL P. MENTZ, JUDGE PRESIDING

December 08, 2021

**FREDERICKA HOMBERG WICKER**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Fredericka Homberg Wicker, and Stephen J. Windhorst

**JUDGEMENT REVERSED;MATTER REMANDED**
    **FHW**
    **SMC**
    **SJW**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Alexis Barteet
Deputy Clerk, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
TRACI FERNANDEZ
       Michael S. Finkelstein
       Scott L. Sternberg
       Stephen M. Petit, Jr.

COUNSEL FOR DEFENDANT/APPELLEE,
THE CITY OF KENNER, TOM WILMOTT, KRISTI KATSANIS MCKINNEY,
GREGORY CARROL, MICHAEL SIGUR, GLENN HAYES, GEORGE
BRANNIGAN, AND BRIAN BRENNAN
       Denise C. Puente
       Susan M. Caruso
       Lacresha D. Wilkerson

**WICKER, J.**

Plaintiff, Traci Fernandez, appeals the summary judgment granted in favor of Defendants, The City of Kenner and several Kenner City Councilmembers[1] (hereinafter "the City" or "Defendants"). The sole issue presented in this appeal requires the statutory interpretation of Louisiana's Open Meetings Law, La. R.S. 42:11, *et seq.*, to determine if a public body may prohibit an individual from recording a public meeting. For the following reasons, we find that, under the facts of this case, the Open Meetings Law does require the City of Kenner to allow an individual citizen to utilize a cell phone to record a public council meeting. Accordingly, we reverse the trial court's judgment and remand this matter for further proceedings.

**Factual and Procedural Background**

On May 14, 2020, Plaintiff filed suit in the 24th Judicial District Court against Defendants alleging that Defendants violated La. R.S. 42:23 of Louisiana's Open Meetings Law by prohibiting her from recording a Kenner City Council meeting. In her petition, Plaintiff alleged that she attended a March 5, 2020 Kenner City Council meeting, during which a controversial issue surrounding the City's garbage contract was set to be discussed and voted on by the Councilmembers. Plaintiff alleged that, immediately prior to the discussion of the garbage contract issue, the City clerk read aloud a statement informing the public that any photography or videography would be prohibited pursuant to a Kenner City ordinance. Plaintiff further contended that, during the garbage contract discussion, she attempted to use her cell phone to photograph and/or record a portion of the meeting, which resulted in the confiscation of her cell phone and allegedly the threat of arrest. As a result of the City's alleged violation of the Open

---

[1] The councilmembers named as defendants are: Tom Wilmott, Kristi Katsanis McKinney, Gregory Carrol, Michael Sigur, Glenn Hayes, George Brannigan, and Brian Brennan.

Meetings Law, Plaintiff sought a declaratory judgment and injunctive relief pursuant to La. R.S. 42:26, in addition to civil penalties as provided under La. R.S. 42:28.

On April 27, 2021, Defendants filed a motion for summary judgment, contending that the plain language of the Open Meetings Law and, specifically La. R.S. 42:23, "does not impose a duty on a public body to allow an individual to use a cell phone to record a public meeting when the public body is already recording the meeting and providing the individual with physical access to the meeting." Defendants argued that because the public body itself recorded the March 5, 2020 council meeting and allowed the public to be physically present at the meeting, Defendants did not violate the Open Meetings Law, La. R.S. 42:23.

In their motion for summary judgment, Defendants argued that the plain language of the statute, which uses the permissive language to state that a public meeting "may" be video or tape recorded, does not specifically require the public body to allow a citizen to record a public meeting. Further, the City contended that the mandatory language in Section B of the statute directs that, if the public body within its discretion elects to record the public meeting, then it is required and *shall* establish standards for the recording so as to main decorum in the public meeting. Defendants argued that they have complied with the plain language of the statute and that the City of Kenner has established standards for recording by electing to record the public meeting itself and make it available to the public online through a *YouTube* link. Defendants argued that by allowing members of the public to be physically present, in addition to recording and publishing the entirety of the meeting online, Defendants have sufficiently complied with the Open Meetings Law and Plaintiff has failed to show any violation thereof.

On May 20, 2021, the trial court issued a judgment granting Defendants' motion for summary judgment, finding that "the language of the statute as it is written does not mandate that someone be allowed to video."[2] This appeal follows.

**Law and Analysis**

Appellate courts review the granting or denial of a motion for summary judgment *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Ford Motor Credit Co., LLC v. Davis*, 20-271 (La. App. 5 Cir. 10/13/21), -- So.3d ----, 2021 WL 4768151. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact, and is favored and designed to secure the just, speedy, and inexpensive determination of every action. *Tozel v. Tozel*, 21-134 (La. App. 5 Cir. 11/3/21), -- So.3d ---, 2021 WL 5101403; *see also Vill. Shopping Ctr. P'ship v. Kimble Dev., LLC*, 18-740 (La. App. 5 Cir. 4/24/19), 271 So. 3d 376, 381 and *Lincoln v. Acadian Plumbing & Drain, LLC*, 17-684 (La. App. 5 Cir. 5/16/18), 247 So.3d 205, 209, *writ denied*, 18-1074 (La. 10/15/18), 253 So.3d 1302. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.

The sole issue presented in this appeal requires the interpretation of the statutory language contained in La. R.S. 42:23. Interpretation of a statute is a question of law that may appropriately be considered in the context of a motion for summary judgment and reviewed *de novo*. *Perniciaro v. Hamed*, 20-62 (La. App. 5 Cir. 12/16/20), 309 So.3d 813, 826. When summary judgment is granted in the

---

[2] The judgment further determined that Defendants' previously filed motions, a "*Motion to Strike and Motion in limine to Exclude Videos Taken by Witnesses and Testimony*" and a "*Motion in Limine to Exclude Expert Testimony and Evidence*" were rendered moot. The trial court further designated the judgment as a final and appealable judgment under La. C.C.P. art. 1915.

context of statutory interpretation, there are no material issues of fact in dispute, and the sole issue before the reviewing court is a question of law as to the correct interpretation of the statute at issue. *Marino v. Gulf Coast Bank & Tr. Co.*, 15-307 (La. App. 5 Cir. 12/23/15), 184 So.3d 153, 155; *Billeaudeau v. Opelousas Gen. Hosp. Auth.*, 16-0846 (La. 10/19/16), 218 So.3d 513, 520; *Vizzi v. Lafayette City–Parish Consol. Government*, 11-2648 (La. 7/2/12), 93 So.3d 1260, 1262.

The appropriate starting point for statutory interpretation is the language of the statute itself. *State v. Expunged Record (No.) 249,044,* 03–1940 (La.7/2/04), 881 So.2d 104, 107; *In re Louisiana Health Service and Indemnity Company,* 98–3034 (La.10/19/99), 749 So.2d 610, 615. When a law is clear and unambiguous and does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. *See* La. R.S. 1:4; *Louisiana High Sch. Athletics Ass'n, Inc. v. State*, 12-1471 (La. 1/29/13), 107 So.3d 583, 606.

Courts have a duty in the interpretation of a statute to adopt a construction which harmonizes and reconciles it with other provisions dealing with the same subject matter. La. C.C. art. 13; *Nucor Steel Louisiana, LLC v. St. James Par. Sch. Bd.*, 20-247 (La. App. 5 Cir. 11/5/21), --- So.3d ----, 2021 WL 5149770. All laws pertaining to the same subject matter must be interpreted *in pari materia .. ."* *Acurio v. Acurio*, 16-1395 (La. 5/3/17), 224 So.3d 935, 938, quoting *Pierce Foundations, Inc. v. Jaroy Construction, Inc.*, 15-785 (La. 5/3/16), 190 So.3d 298, 303. The meaning and intent of a law must be determined by a consideration of the law in its entirety. *Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ. Agr. Mech. Coll.*, 11-0040 (La. 7/1/11), 66 So.3d 470, 475. When interpreting a statute, the paramount consideration is ascertainment of the legislative intent and the reason or reasons which prompted the legislature to enact

the law. *Tebault v. E. Jefferson Gen. Hosp.*, 18-539 (La. App. 5 Cir. 3/25/19), 2019 WL1339471, *writ denied*, 19-0641 (La. 6/17/19), 273 So.3d 1211.

Article XII, § 3 of the Louisiana Constitution states that "[n]o person shall be denied the right to observe the deliberations of public bodies and examine public documents, except in cases established by law." This constitutional provision is meant to ensure that citizens are able to observe and participate in the deliberations of public bodies and protect them from secret decisions being made without any opportunity for input. *Lewnau v. Bd. of Supervisors of S. State Univ.*, 19-0943 (La. App. 1 Cir. 1/9/20), 295 So.3d 419, 424–25; *see also Joseph v. Hosp. Serv. Dist. No. 2 of Par. of St. Mary*, 01-1951 (La. App. 1 Cir. 12/28/01), 805 So.2d 400, 409 (citing *Delta Development Company, Inc. v. Plaquemines Parish Commission Council*, 451 So.2d 134, 138 (La. App. 4 Cir.), *writ denied*, 456 So.2d 172 (La. 1984)). The Louisiana legislature enacted the Open Meetings Law to ensure that the protections of Article XII, § 3 are fulfilled. *Deep S. Ctr. for Env't Just. v. Council of City of New Orleans*, 19-0774, 19-0775 (La. App. 4 Cir. 2/12/20), 292 So.3d 973, 979, *writ denied*, 20-00771 (La. 10/14/20), 302 So.3d 1114, and *writ denied*, 20-00419 (La. 10/14/20), 302 So.3d 1122.

The purpose of the Open Meetings Law is statutorily set forth in La. R.S. 42:12(A) as follows:

> It is essential to the maintenance of a democratic society that public business be performed in an open and public manner and that the citizens be advised of and aware of the performance of public officials and the deliberations and decisions that go into the making of public policy. Toward this end, the provisions of [La. R.S. 42:11 through La. R.S. 42:28] shall be construed liberally.

Under the Open Meetings Law, every meeting of a public body must be open to the public, unless it meets the requirements for exception under the statutory provisions. La. R.S. 42:14. As statutorily set forth, the provisions of the Open

Meetings Law shall be construed liberally. La. R.S. 42:12; *see Deep S. Ctr. for Env't Just. v. Council of City of New Orleans*, *supra*.

The statute at issue concerning the recording of public meetings, La. R.S. 42:23, provides:

> A. All of the proceedings in a public meeting may be video or tape recorded, filmed, or broadcast live. However, any nonelected board or commission that has the authority to levy a tax shall video or audio record, film, or broadcast live all proceedings in a public meeting.
>
> B. A public body shall establish standards for the use of lighting, recording or broadcasting equipment to insure proper decorum in a public meeting.

Defendants contend that La. R.S. 42:23(A) instructs that a public body *may* record its own meetings, but is not required to do so—pointing out that the word "'shall' is mandatory and the word 'may' is permissive." La. Stat. Ann. § 1:3; *Whitley v. State ex rel. Bd. of Sup'rs of Louisiana State Univ. Agr. Mech. Coll.*, 11-0040 (La. 7/1/11), 66 So.3d 470, 474. Defendants argue that the permissive language applies to the public body and should not be interpreted to mean that *anyone* is permitted to record a public meeting. Defendants further assert that Section B of La. R.S. 42:23—which establishes that the public body shall determine certain recording protocols to maintain proper meeting decorum—only applies *if* the public body elects to record its own public meeting by the discretion granted under Section A of the statute. Defendants point out that the primary purpose of the Open Meetings Law is to allow the public access to public meetings. Defendants assert that Plaintiff's physical presence at the meeting, as well as the fact that the City recorded the entirety of the meeting and offered it for public viewing though a *YouTube* link, is sufficient to comply with the Open Meetings Law requirements.

Plaintiff, on the other hand, contends that the permissive "may" language in the statute refers to the public's right or permission to record any public meeting.

Plaintiff points out that Section B of the statute instructs a public body that it *shall* establish standards for such recording to "insure proper decorum in a public meeting." Plaintiff argues on appeal that a reading of both sections of the statute together dictates that "the decorum provision of Section 'B' would not be necessary without the grant of rights given to the public [to record] in Section 'A.'"

While generally courts are "bound to a strict interpretation of the plain language" of a statute, the legislature has statutorily instructed that the provisions at issue, the Open Meetings Law, La. R.S. 42:11, *et seq.*, are to be construed liberally. La. R.S. 42:12; *Milbert v. Answering Bureau, Inc.*, 13-0022 (La. 6/28/13), 120 So.3d 678, 684. Upon a *de novo* review, we agree that the permissive "may" language in La. R.S. 42:23(A) refers to a citizen's permission to video or tape record a public meeting. We further agree that to interpret the statute otherwise would render the decorum provision in Section B—requiring the public body to establish standards for recording to ensure proper decorum—as an unnecessary instruction to the public body. To adopt Defendants' interpretation and apply the permissive "may" language to the public body would result in the statute permitting the public body to record, if it so chooses, but simultaneously requiring that the public body establish standards for its own recording including the use of "broadcasting equipment." The use of the term broadcasting equipment in Section B also demonstrates the legislature's intent to ensure that the public's recording, including the recording by the media and other outlets, of a public meeting does not interfere with the public meeting and that decorum for the meeting is maintained.

A review of other jurisdictions' jurisprudence demonstrates that many states have specific language in their open meetings law directing that "any person in attendance" or "the public" may record a public meeting. *See* Ala. Code § 36-25A-6; Tex. Gov't Code Ann. § 551.023; Ga. Code Ann. § 50-14-1; Haw. Rev.

Stat. Ann. § 92-9; N.H. Rev. Stat. Ann. § 91; N.C. Gen. Stat. Ann. § 143-318.14; Wis. Stat. Ann. § 19.90. Moreover, other states with less specific statutory language have interpreted open meetings laws to liberally allow access to a citizen's recording of public meetings. S*ee Pinellas Cty. Sch. Bd. v. Suncam, Inc.*, 829 So. 2d 989, 990–91 (Fla. Dist. Ct. App. 2002), citing *Hough v. Stembridge,* 278 So.2d 288, 289 (Fla. 3d DCA 1973) (wherein a Florida court found that, "although the [Florida] statute does not explicitly provide for the video recording of public meetings, the refusal to allow such recording certainly violates the 'statute's spirit, intent, and purpose);" *See also Csorny v. Shoreham-Wading River Cent. Sch. Dist.*, 305 A.D.2d 83, 87–88, 759 N.Y.S.2d 513, 516–17 (2003) (wherein a New York court held that "although there is no explicit command" to permit recording of public meetings, "a liberal interpretation of the Open Meetings Law permitting citizens to exercise their freedoms by recording the meetings of the Board and other democratic institutions, is wholly consonant with the Legislative intent.")

Accordingly, being mindful of the Louisiana legislature's specific statutory instruction to interpret the Open Meetings Law, La. R.S. 42:11, *et seq.*, liberally in favor of granting the public access to public meetings, and further interpreting Sections A and B of La. R.S. 42:23 *in pari materia*, we find that absent any specific law or ordinance setting forth contrary guidelines or policies, the Louisiana Open Meetings Law allows any individual in attendance at a public meeting to video or audio record a public meeting with his or her cell phone.[3] Consequently, we find that the trial judge erred in granting summary judgment in

---

[3] We further point out that, although referenced in the record, there is no specific Kenner ordinance for our review that prohibits video recording, or sets forth specific methods of permissible recording, of Kenner City Council meetings.

favor of Defendants.  We reverse the summary judgment and remand this matter to the trial court for further proceedings.

**<u>JUDGMENT REVERSED;</u>**
**<u>MATTER REMANDED</u>**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **DECEMBER 8, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-CA-550

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE MICHAEL P. MENTZ (DISTRICT JUDGE)
GRAHAM H. WILLIAMS (APPELLANT)       M. SUZANNE MONTERO (APPELLANT)       MICHAEL S. FINKELSTEIN (APPELLANT)
SCOTT L. STERNBERG (APPELLANT)       STEPHEN M. PETIT, JR. (APPELLANT)    LACRESHA D. WILKERSON (APPELLEE)
SUSAN M. CARUSO (APPELLEE)

**MAILED**
DENISE C. PUENTE (APPELLEE)          LEIGH H. ROUSSEL (APPELLEE)
ATTORNEY AT LAW                      ATTORNEYS AT LAW
1100 POYDRAS STREET                  CITY OF KENNER CITY ATTORNEY'S OFFICE
30TH FLOOR                           1801 WILLIAMS BOULEVARD
NEW ORLEANS, LA 70163                BUILDING C, SUITE 300
                                     KENNER, LA 70062